No. 33,393

FLORENCE Y. PHILLIPS, *Appellee*, v. THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellant*.

(68 P. 2d 1087)

Opinion filed June 12, 1937.

*Lester Goodell*, assistant attorney general, and *Edward F. Arn*, of Wichita, for the appellant.

*J. B. McReynolds* and *Frank P. Eresch*, both of Topeka, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover damages for injuries sustained in an automobile collision. Judgment was for plaintiff overruling a demurrer to the petition of plaintiff. Defendant appeals.

The action was brought under the provisions of G. S. 1935, 68-

419, commonly known as the defective highway statute. The petition alleged that plaintiff was driving north upon what is referred to as a secondary road; that as the car in which she was riding approached the intersection of the secondary road and state highway No. 4 the driver of the car was keeping a careful lookout for any highway signs which might have been posted on the north-and-south road; that neither he nor plaintiff was able to see any stop sign or any other notice posted to give warning that the driver was entering an intersection of a state highway. The petition then contained the following paragraphs:

"(6) Plaintiff further alleges that the stop sign or warning posted at the intersection, as provided by section 8-122 of the Revised Statutes of Kansas, 1923, was hidden by weeds which had grown to a height obliterating the said sign from view of the traveling public going in a northerly direction upon the secondary road above mentioned. That the northerly highway, which is a paved surface, was covered with dirt, and gave no warning to this plaintiff, or to Chester Marmon, that they were entering a state highway intersection.

"(7) Plaintiff further alleges that the failure of the state highway commission in not properly maintaining the warning or stop sign at the intersection of the secondary road and the state highway created a defect upon the state highway, and created a condition which was dangerous to the traveling public on the aforesaid state highway."

The petition then contained allegations that the driver of the car in which plaintiff was riding entered the state highway intersection without coming to a full stop and that as a direct result thereof the car in which plaintiff was riding was struck by a car being driven on the state highway, and she was injured.

The state highway commission demurred to this petition on the ground that the condition described in the quoted portions of the petition did not constitute a defect in the state highway, and on the further ground that under the allegations of the petition the condition described with reference to the warning sign was not the proximate cause of the injury. This demurrer was overruled. Defendant has appealed.

As to the first ground of the demurrer, the question is, Does the fact that a stop sign, located on a side road at a point where the side road enters a state highway, is hidden by weeds in front of the sign constitute a defect in the state highway within the meaning of G. S. 1935, 68-419?

Plaintiff points out a provision of G. S. 1935, 8-122. That section deals generally with traffic regulations on highways outside of vil-

lages and towns. The provision to which plaintiff refers is as follows:

"*Provided,* That the state highway commission shall erect at entrances of intersecting state and federal highways signs notifying drivers of vehicles to come to a full stop before entering or crossing such designated highway, and whenever any such signs have been so erected it shall ·be unlawful for the driver of any vehicle to fail to stop in obedience thereto."

Plaintiff argues that the warning sign at the intersection was placed therein .in compliance with the above provision and that when weeds were permitted to grow so high that they concealed the sign from view of travelers on the side road it made the highway dangerous.

In this connection plaintiff relies on the rule laid down in *Story v. Brown County,* 116 Kan. 300, 226 Pac. 772. In that case the board of county commissioners had made a deep excavation in a county highway and had not erected proper warning signs as required by the statute. (See G. S. 1935, 68-121.) Plaintiff was injured as a result of attempting to avoid the excavation, which he was unable to do on account of the absence of warning signs and an adequate barrier. The defendant in that case argued that at the time the defective highway statute was passed there was no law requiring the maintenance of lights or signs on account of road repairs and that the passage of such an act did not extend the scope of the county's liability. In answer to that argument this court said:

"Where the subsequent statute imposes upon the county a new duty with the purpose of making highways safer, we regard the omission of that duty as creating a defect in the highway within the meaning of the act establishing the county's liability." (p. 302.)

Plaintiff in this case argues that the provision of G. S. 1935, 8-122, requiring the erection of a warning sign at an intersection is analogous to the statute referred to in the above case requiring the erection of warning signs and lights when repairs are being made on a highway.

There is a distinction between the situation dealt with in *Story v. Brown County,* supra, and the present case. In the former case the statute was enacted to require the erection of warning signs on a highway when some work was being done on the highway itself which rendered the highway dangerous to travel. In this case the statute clearly provides for the erection of signs at certain intersections so that persons traveling on the highway may be protected from

danger due to other travelers entering these intersections. The weeds which it is alleged hid the sign and thus constituted the alleged defect in the state highway were not on the state highway at all, but were on the county road. There is no allegation in the petition that there was any condition in the highway itself which rendered it unsafe for travelers thereon. Automobiles could have traveled on the state highway in this case every minute of the time in question and would not have been in the slightest danger on account of the alleged defect. Cars could have crossed the state highway on the secondary road at any time and would not have been in any danger from any condition in the highway itself. While the question of what condition in a highway constitutes a defect may in some cases be one for the jury, this court can say whether a particular condition is such as was intended by the legislature to render the highway commission liable. (See *Bohm v. Racette,* 118 Kan. 670, 236 Pac. 811, and *Snyder v. State Highway Comm.,* 139 Kan. 150, 30 P. 2d 102.)

We have reached the conclusion in this case that the condition pleaded in the petition was not such as to constitute a highway defective under the statute. It follows that the demurrer of the defendant to the petition of the plaintiff should have been sustained.

The judgment of the trial court is reversed with directions to render judgment for defendant.