No. 33,960

FLORENCE Y. PHILLIPS, *Appellant*, v. THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellee.*

(84 P. 2d 927)

Opinion filed December 10, 1938.

*J. B. McReynolds, Frank P. Eresch* and *T. M. Lillard,* all of Topeka, for the appellant.

*Lester M. Goodell, J. Glenn Logan* and *Otho W. Lomax,* all of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This is a second appeal from a ruling of the district court on the pleadings in an action against the state highway commission for injuries sustained by plaintiff when the automobile in which she was riding collided with another automobile at an intersection of public roads a short distance southwest of Topeka.

State highway K4 runs in a westerly direction from the southwest part of Topeka. It is crossed by a secondary road about a mile west of the city limits. On the night of July 26, 1935, the plaintiff

and one Chester Marmon, whose guest she was, came from the south on this secondary road, and as their car entered the intersection of the two roads there was a collision between their car and one being driven westward on the state highway K4. Plaintiff sustained injuries which render her a helpless cripple, and from which she will never recover.

To her original petition, in which she sought to state a cause of action for damages against the highway commission in reliance on G. S. 1935, 68-419, its demurrer was overruled. That ruling was reversed by this court. (Phillips v. State Highway Comm., 146 Kan. 112, 68 P. 2d 1087.) When the cause was remanded to the district court, plaintiff was permitted to amend her petition, which she did with assiduous care—on the assumption that her first petition, whose sufficiency had been the subject of the first appeal, was disposed of by this court on the erroneous idea that the stop sign was located on the secondary road at some slight distance from its intersection with the state highway.

In the amended petition with which we are presently concerned, it was expressly alleged that the stop sign, of whose existence plaintiff's driver was aware and on which he relied to warn him when he was about to enter the state highway, was located at a point two and one-half feet within the boundaries of the state highway.

Plaintiff's amended petition continued, in part, thus:

"That said stop sign as placed on highway K4 and two and one-half (2½) feet within the boundary lines of said highway under and by virtue of the authority of section 8-122, General Statutes of Kansas, 1935, was hidden by a dense growth of weeds, the number of which are unknown to the plaintiff, on state highway K4, and which had grown to the height of about five (5) feet and in excess of the height of said stop sign, which completely obliterated said stop sign from view of the traveling public going in a northerly direction upon said secondary road; and that said growth of weeds extended from and in front of said stop sign to the south on said state highway No. K4 and onto the secondary road approaching said stop sign, the number and height of said weeds on said secondary road being unknown to this plaintiff, but extended in a southerly direction from the boundary line of said state highway No. K4. And that said Chester Marmon [driver of automobile in which plaintiff was riding] did not see said stop sign, which was hidden by said weeds, and was not notified by said stop sign as to where said intersection of the secondary road on which he was traveling and the state highway K4 was located.

. . . . . . . . . . . . . .

"This plaintiff further alleges that said defect on Kansas highway K4 was the proximate cause of this collision and injuries complained of.

"This plaintiff further alleges that the State Highway Commission of the

state of Kansas had notice and knowledge of the existence of said defect in said highway hereinbefore mentioned for a period of time of more than five days prior to this accident, as provided for by section 68-419, G. S. 1935."

To this amended petition defendant lodged a demurrer on two grounds—that the alleged cause of action had become *res judicata* by reason of our decision in the first appeal; and for the further reason that the amended petition did not state a cause of action.

The trial court sustained this demurrer on the second ground. Hence this second appeal.

Passing the question whether plaintiff's amended petition contains any allegations which are materially different from those subjected to our judicial scrutiny and decision in the first appeal, we direct our attention at once to the rule of law which governs cases where damages are sought against a governmental agency. That rule is that neither the state nor any of its subdivisions, nor any of its official boards, is liable in damages except where the legislature has expressly so declared. (*Asbell v. State,* 60 Kan. 51, 55 Pac. 338; *Purity Oats Co. v. State,* 125 Kan. 558, 264 Pac. 740; *Barker v. Hufty Rock Asphalt Co.,* 136 Kan. 834, 18 P. 2d 568; *Linderholm v. State,* 146 Kan. 224, 69 P. 2d 689.)

In *McGraw v. Rural High School,* 120 Kan. 413, 243 Pac. 1038, the action was one for damages in behalf of a workman who sustained injuries through the alleged negligence of the defendant school district. Plaintiff was nonsuited, and on appeal the judgment was affirmed in an opinion written by Mr. Justice Burch, who said:

"The question presented is the old one of liability of a governmental agency for tort. . . . If the doctrine of state immunity in tort survives by virtue of antiquity alone, is an historical anachronism, manifests an inefficient public policy, and works injustice to everybody concerned (Governmental Responsibility in Tort, by Edwin M. Borchard, 11 Am. Bar Assn. Jrl. 496, August, 1925), the legislature should abrogate it. But the legislature must make the change in policy, not the courts." (pp. 413, 414.)

Let us see what the statute says as to the liability of the state highway commission for accidents on the highway. In part, it reads:

"Any person who shall without contributing negligence on his part sustain damage by reason of any defective bridge or culvert on, or defect in a state highway, not within an incorporated city, may recover such damages from the state of Kansas . . . [qualifications of this rule omitted] . . . and for any damage so sustained the injured party may sue the state highway commission, and any judgment rendered in such case shall be paid from any funds in the state highway fund on the order of the state highway commission." (G. S. 1935, 68-419.)

Plaintiff contends that the fact that the stop sign erected to warn travelers coming from the south on the secondary road of their near approach to the state highway, as plaintiff and her escort came on that July night, was hidden from view by a dense growth of weeds, constituted a statutory defect on the highway which subjects the highway commission to liability. While the industry of counsel has brought together for our examination a considerable number of more or less analogous cases, all of which we have studiously considered, we cannot bring our minds to the view that any of them go quite to the extent here contended for. The state highway K4 had no defect which imperiled the traffic passing over it. It was the collision of automobiles on a perfectly good highway that caused the plaintiff's. injuries.

At the time this accident occurred there was another statute in force which directed that warning stop signs should be placed at certain road intersections. In part it reads:

"The state highway commission shall erect at entrances of intersecting state and federal highways signs notifying drivers of vehicles to come to a full stop before entering or crossing such designated highway." (G. S. 1935, 8-122.)

It will be noted, however, that the statutory provision just quoted only required the erection of such warning signs at the intersecting entrances of state and federal highways, not at the intersecting entrances of all public roads, however desirable such a statutory mandate would be. The intersection at which this accident to plaintiff occurred was that of a state highway and a secondary (county or township) road. We have no right to enlarge the scope of the statute nor to amend it by judicial interpretation. In *American Mut. Liability Ins. Co. v. State Highway Comm.*, 146 Kan. 239, 244, 69 P. 2d 1091, it was said:

"By giving its consent to be sued on certain contracts and for certain damages by an action brought against the state highway commission the state has not consented that it, or the state highway commission, may be sued by anyone and upon every cause of action. . . . (Citations.)

"The consent of a state to be sued, as expressed by an act of the legislature, should be strictly construed so as not to enlarge the privilege granted."

In *Rakestraw v. State Highway Comm.*, 143 Kan. 87, 53 P. 2d 482, where, among other matters, plaintiff sought to hold the state highway commission liable in damages for injuries sustained by her when her automobile ran into a ditch which crossed the egress from a filling station into the highway, this court said:

"Assuming, then, but not deciding, that a roadside ditch is a defect in the highway within the meaning of the statute, the duty of the state highway commission pertaining thereto was prescribed by statute, the pertinent substance of which is that any person who without contributing negligence sustains damage by reason of a defect in a state highway may recover damage against the state if it is also shown that any responsible officer or employee in charge of the construction or maintenance of the highway had five days' notice of the defect prior to the time the damage was suffered. (R. S. 1933 Supp. 68-419.)

"It should be apparent that the liability of the defendant commission is statutory. It is not a common-law liability. Actual neglience of the defendant commission or of its responsible employee may appear in the alleged facts which constitute the cause of action stated against the commission, but negligence is not an essential element of the action which the statute creates against the commission. . . .

"This court has often said that the liability of the state, its counties and townships, for damages caused by a defect in a public road, is not founded on negligence but is based specifically and exclusively on the governing statute. (Citations.)" (pp. 89, 90.)

And since it is clear that the state highway commission committed no breach of statutory duty in respect to the maintenance of the stop sign at the entrance to highway K4, where plaintiff was injured, it becomes immaterial whether our decision in this case on the first appeal (146 Kan. 112, 68 P. 2d 1087) be regarded as *res judicata* or not; and the judgment of the district court in this second appeal cannot be disturbed. It is therefore affirmed.