No. 34,346

NINA MOORE, *Appellant,* v. THE STATE HIGHWAY COMMISSION
OF THE STATE OF KANSAS, *Appellee.*

(92 P. 2d 29)

Opinion filed July 8, 1939.

*Clarence R. Sowers* and *Claude E. Sowers,* both of Wichita, for the appellant.

*Lester M. Goodell,* of Topeka, *W. E. Holmes, Howard L. Baker* and *Edward F. Arn,* all of Wichita, for the appellee.

The opinion of the court was delivered by

THIELE, J.: Plaintiff brought an action to recover damages from the state highway commission. The trial court sustained a demurrer to her petition and she appeals to this court.

The question presented is whether a particular highway was defective within the meaning of G. S. 1935, 68-419, and the petition will be reviewed in view of that question.

It was alleged that about one-half mile west of Augusta, Kan., U. S. Highway No. 54, hereafter called the highway, which there runs east and west and is under the control and supervision of the defendant, is intersected by a township road running north and south which is hereafter referred to as the township road; that to the east of the township road and running north from the highway for a distance of one and one-half miles is a dike constructed by the city of Augusta with full knowledge of the defendant and by joint action between them; that the dike created a dangerous defect and obstruction in the highway; that the dike was erected at a height of approximately fifteen feet above the surface of the township road, extended north from the shoulders of the highway and completely blocked the vision of drivers of automobiles on the township road approaching the highway from the north as to cars coming from the east on the highway; that the defendant further created a defect in

the township road by erecting a stop sign at least seventy feet north of the highway on the west side of the township road instead of placing the sign on the north side of the highway; that on October 17, 1937, plaintiff was riding south on the township road in an automobile driven by another person, who stopped at the stop sign some seventy feet north of the highway and then proceeded south on the township road at about ten miles per hour until the highway was reached, when speed was reduced; that vision of the driver to the east was obstructed by the dike; that when the automobile in which plaintiff was riding was driven upon the highway it was struck by a car being driven from the east to the west along the highway, and in the collision plaintiff received injuries for which she sought damages. We also note the allegations that since the accident the stop sign has been moved to the intersection of the township road and the highway; that the driver of plaintiff's car stopped at the sign as originally placed and assumed it was not necessary that she stop thereafter because of failure of the defendant to erect a stop sign in the highway; that claim was timely made to the defendant and by it refused and denied.

As has been stated, the trial court sustained a demurrer to this petition on the ground it did not state facts sufficient to constitute a cause of action.

The defendant's liability, if any, is by reason of G. S. 1935, 68-419, and it has no liability under that statute unless by reason of a defect in a state highway, and the question whether an alleged defect is within the statute is a question of law. (See *Douglas v. State Highway Comm.*, 142 Kan. 222, 46 P. 2d 890, and *Phillips v. State Highway Comm.*, 146 Kan. 112, 68 P. 2d 1087, and cases cited.) The plaintiff alleges the highway was defective because pursuant to a contract between the city of Augusta and the defendant a dike was erected parallel to a township road which intersected the highway at right angles, the effect of which was to cut off vision in one direction of a driver on the township road. We fail to see where that constituted a defect any more than if the highway commission had erected one of its tool sheds on lands adjacent to the intersection, nor any more than if the township had erected a township hall at the same location. The dike complained of was not in the highway nor any part of it. It ceased at the north edge of the highway. There is no allegation of any fact with respect to the dike that states it impeded traffic on the highway in any manner. A very similar

question was before this court in *Bohm v. Racette*, 118 Kan. 670, 236 Pac. 811, 2 A. L. R. 571. There a certain tract had large hedges along the north and west sides. Plaintiff's intestate was driving west on a road to the north of the above tract and collided with a car coming north on a road to the west and plaintiff sought recovery, among others, from the county and the township on the theory the hedges constituted defects in the highway. In another case growing out of the same accident, one of the passengers in the plaintiff's car sought recovery. Demurrers were sustained to the petitions, and on appeal were disposed of together, this court saying:

"Plaintiffs argue that the high hedge was a defect in the highway within the meaning of that statute. With that argument the court cannot agree. The hedge was no part of the highway. So far as the highway was concerned, it did not matter whether there was a hedge there or not. It may have been big or little, and the highway be in perfect condition. The petitions allege that the highway was in good condition. A defect in a highway is something that interferes with movement over it. Roads in good condition made dangerous by something on the sides of them are not for that reason defective within the meaning of the statute on which the plaintiffs rely. Counties and townships are liable, under certain conditions, for defects in highways, but not for dangerous conditions that exist on the sides of them." (p. 672.)

Under the reasoning of that case, which we approve, the presence of the dike did not constitute a defect in the highway.

Plaintiff further contends that the stop sign being placed on the township road seventy feet from the state highway constituted a defect. A similar contention was made in *Phillips v. State Highway Comm.*, 146 Kan. 112, 115, 68 P. 2d 1087, on rehearing 148 Kan. 702, 84 P. 2d 927, and was not sustained. The present statute, G. S. 1937 Supp., 8-511, does not make it obligatory that any stop sign be placed at intersections such as are here described.

We have examined the cases cited by appellant in her brief. No good purpose would be served by distinguishing the facts in them from the case now before us. None of them supports the contention that the situation disclosed by the petition constituted a defect in the state highway.

The above disposes of the appeal and we shall not discuss appellee's contention that the defect, if any, was not the proximate cause of the accident.

The judgment of the trial court is affirmed.