No. 34,924

BESSIE SELL, *Appellant,* v. McPHERSON TOWNSHIP, in McPherson County, *Appellee.*

(107 P. 2d 670)

Opinion filed December 7, 1940.

*Evart Mills,* of McPherson, *Ezra Branine, Alden E. Branine, Fred Ice* and *Vernon A. Stroberg,* all of Newton, for the appellant.

*James A. Cassler, L. H. Ruppenthal* and *John K. Brandon,* all of McPherson, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from a judgment on the pleadings and opening statement of plaintiff's counsel in an action for personal injuries alleged to have been caused by a defect in a township road.

Briefly, the material pleaded and stated facts were these: In McPherson township at some distance northwest of the city of McPherson there is an intersection of public roads. The road which comes from the south and turns west at the intersection is a county road. North of the intersection the road is a township road.

Some time ago the county made use of that township road as a

detour while some construction or repair work was being done on some county road in the vicinity. While thus using the township road, the county laid a twenty-foot culvert across it, immediately north of the intersection, and maintained the road at a greater width than required for ordinary township road uses. Plaintiff's petition alleged that—

"Just north of said intersection was a culvert without any guard rails or warning signs of any nature, the east end of which was approximately five feet west of the graded part of the road running north from said intersection; that the ditch extending east from said culvert was approximately 2½ feet deep and 2½ feet wide and was grown full of weeds in such a manner so as not to be discernible by users of the road."

Supplementing this pleading in plaintiff's statement of the case, her counsel said, in substance:

"This ditch had grown full of weeds. . . . These weeds concealed the ditch above mentioned by reason of the fact that the depression of the ditch had been made to appear level by the mowing over of the weeds."

At some time prior to the accident, which gave rise to this litigation, the county's use of the road as a detour had ended and the road had again passed under the control of the township board.

On the morning of September 24, 1939, plaintiff was riding as a passenger in an automobile owned and driven by her husband. As their car came from the south on the county road about 150 feet south of the intersection it ran into some loose gravel. Plaintiff's petition alleged that this gravel caused the car to skid in a northwesterly direction, that the driver thereupon turned the car toward the east, and "in coming out of said skid [he] drove to the east side of said road and headed back towards the main traveled portion or part of said road in a long curve," and after crossing the intersection northward—

"Neither the plaintiff nor the driver of said automobile could see the said ditch at the end of said culvert and that the said [plaintiff's husband] drove the right front wheel of his automobile into said ditch and so damaged his automobile that he was unable to guide or drive it, thereby causing said automobile to upset."

Plaintiff's petition contained the usual allegations of due care in the operation of the automobile, "to wit: Thirty-five miles per hour;" that she was free from contributory negligence, and that the defendant township was negligent in these particulars:

"(1) Failure to maintain said culvert of adequate length to span a road maintained for travel for a width of twenty-five feet.

"(2) Failure to clean out the weeds at the end of said culvert instead of mowing over the same, thus creating the appearance of a well maintained shoulder.

"(3) Failure to erect warning signs to warn the public of a narrow culvert.

"(4) Failure to erect a railing or place posts at the end of the culvert to warn travelers of the hidden ditch within the maintained portion of said road."

Appellant insists that her petition and the preliminary statement of her case, liberally considered as they must be, were quite sufficient to state a cause of action against McPherson township. If so, it must have been because the township road running north from the intersection was defective within the terms of the pertinent statute. A township road must be dragged and maintained for public travel to a width of not less than sixteen feet. (G. S. 1935, 68-534.) The statute does not fix the minimum roadway width of a culvert on a township road, but on a county road it must have a clear roadway width of not less than twenty feet. (G. S. 1935, 68-1109.) The township road where the accident occurred satisfied these requirements, and there is no statutory duty resting on the township and its officers to lay a roadway culvert across a public road "of adequate length to span a road maintained for travel for a width of twenty-five feet"—the want of which would be the basis of plaintiff's first charge of negligence. In *Watson v. Parker Township*, 113 Kan. 130, 132, 213 Pac. 1051, we stated the general rule of law thus:

"It is not necessary to keep the full width of a rural highway fit for public travel, . . . where a sufficient portion of its width is maintained in a safe and passable condition to serve the reasonable needs of the public in that locality, the fact that outlying and unused portions of the road are impassable or dangerous, and yet without barriers, does not constitute the sort of defect for which the municipality or quasi-municipality is liable (citations)."

It should be kept in mind that the only basis for imposing liability on a township for an accident happening on a township road is the township's failure to conform to the statutory requirements for their construction and maintenance. Liability is not imposed as for common-law negligence. And whether a public road is defective within the meaning of the statute (G. S. 1935, 68-301) is a question of law, when, as here, there is no controversy over the facts. (*Houdashelt v. State Highway Comm.*, 137 Kan. 485, 21 P. 2d 343; *Espey v. State Highway Comm.*, 143 Kan. 873, 877, 57 P. 2d 424; *Parsons v. State Highway Comm.*, 146 Kan. 476, 72 P. 2d 75.)

The next defect in the highway complained of was based on the fact that the weeds at the east end of the culvert had not been

cleaned out instead of being mowed, thus creating the appearance of a well-maintained shoulder on the roadside. But there was no allegation—and no fact on which to base one—that the road as dragged and maintained was not adequate for public travel without getting off the beaten track onto the shoulder of the road. No duty rested on the township to clean out the weeds at the east end of the culvert, so long as their presence did not obstruct or hinder the purpose for which it was built—to facilitate the draining of water off the road or roadside.

The next defect complained of was the want of signs "to warn the public of a narrow culvert." But it was not a narrow culvert. It was one of a size and cross-roads' width sufficient to satisfy statutory requirements even if the road were a county road, and much more since this was merely a township road.

The next defect urged is based on the defendant's failure to erect a railing or to place posts at the east end of the culvert to warn travelers of the hidden ditch "within the maintained portion of said road." The statute which formerly required railings at the culverts of township roads (G. S. 1935, 68-1110) was repealed by chapter 250 of the Laws of 1935. And there is no statutory requirement that a post be placed to show motorists where a cross-roads' culvert ends and the adjacent ditch begins, particularly when the traveled portion of the road is altogether adequate and safe.

Several other matters are urged in the briefs of counsel, including the question whether the pleaded facts of plaintiff's petition did not show on their face that the cause of the accident and injury to plaintiff had their inception in the skidding of the car 150 feet south of the intersection, and because of the driver's continued speed of 35 miles per hour thereafter until he had traversed that 150 feet, together with the additional distance of the width of the intersection (40 feet or more) before he ran into the ditch at the east end of the culvert on the township road and injured his wife, the plaintiff herein. We do not regard it as necessary to consider this point or others urged in support of the trial court's judgment. .We merely hold that neither in plaintiff's petition nor in her preliminary statement of the case, nor in both, did she state a cause of action against the township for a statutory defect in its public road; and the court did not err in sustaining defendant's motion for judgment.

The judgment is affirmed.