No. 35,316

H. H. WILSON, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF BARBER, *Appellee.*

(119 P. 2d 502)

Opinion filed
December 6, 1941.

*Joe T. Rogers, Roy L. Rogers* and *Ralph E. Gilchrist,* all of Wichita, for the
appellant.

*O. M. Wheat,* of Medicine Lodge, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action brought pursuant to G. S. 1935,
68-301, to recover damages on account of a defective county high-
way. Judgment was for the defendant. Plaintiff appeals.

The petition alleged that on or prior to December 21, 1937, the
county commissioners, in improving the road in question, widened
the crown of the road so that whereas it had been only wide enough
for one driveway, after it was widened it was wide enough for a two-
car driveway; that the culverts on the road were not widened but
were left in their original width, that is, for a one-car driveway;
that on account of the crown of the road being widened a side banis-
ter of a concrete wedge had been left about eight feet inside the
right shoulder of the road; that a travelway had been beaten along
the east side of the road so that when the culvert was reached it be-
came necessary for the motorist to turn to the west or left as he was
going north to drive onto the culvert and the banister of the concrete
culvert was approximately in the center of the right-hand side of
the road; that there were no lights or warning signs to warn people
that the crown of the road was wider than the culvert; that people
traveling along the road were unable to distinguish the banister as
readily as they would have had it been kept clean or painted white;

that it had been the practice to post warning signs at such culverts; that by reason of all these facts the road was a defective highway.

The petition then stated that the daughter of plaintiff was killed when the driver of the car in which she was riding, driving north along the highway at night, was blinded by the lights of a car coming from the opposite direction and collided with the banister of the culvert in question. There was the required allegation that the county commissioners had notice.

The defendant demurred to this petition on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled. The defendant then filed its answer.

When the case came on to be tried the plaintiff made his opening statement. At the close of the opening statement the defendant moved for judgment on the pleadings and opening statement of the plaintiff.

The trial court sustained this motion and gave judgment for the defendant—hence this appeal.

Between the time when the demurrer to the petition in this case was overruled and the ruling on the motion for judgment this court handed down the opinion in the case of *Sell v. McPherson Township*, 152 Kan. 731, 107 P. 2d 670. In passing on the motion for judgment the trial court stated that had the opinion in the McPherson case been available when the demurrer to the petition was ruled on it would have been sustained.

The opening statement of the plaintiff was not taken down by the court reporter, and as no attempt was made to agree on what was said in it the plaintiff must stand on what was said in the petition. Counsel could not by his opening statement make the situation any better than it was pleaded in the petition. He could, however, have made damaging admissions. As the record is presented to us we have the question of whether the petition stated a cause of action.

Plaintiff argues that the term "defective highway" is equivalent under the decisions to a dangerous highway, and when he described a dangerous highway in his petition he had described a defective highway.

We have heretofore passed on this question.

In *Watson v. Parker Township*, 113 Kan. 130, 213 Pac. 1051, the question was whether a highway where some weeds concealed a ditch was defective. This court stated the general rule to be as follows:

"It is not necessary to keep the full width of a rural highway fit, for public travel, . . . where a sufficient portion of its width is maintained in a safe and passable condition to serve the reasonable needs of the public in that locality, the fact that outlying and unused portions of the road are impassable or dangerous, and yet without barriers, does not constitute the sort of defect for which the municipality or quasi-municipality is liable." (p. 132.)

This case was cited and approved by this court in *Sell v. McPherson Township*, supra. In that case the allegation was that the township had laid a twenty-foot culvert across the road and maintained the road at greater width than required for ordinary township purposes and that on account of this there was a culvert the east end of which was within the traveled portion of the highway. This court stated that the question of whether or not a certain condition constituted a defect was a matter of law when there was no dispute about the facts and pointed out that a culvert across a county road must have a clear roadway of at least twenty feet. See G. S. 1935, 68-1109. See, also, *Douglas v. State Highway Comm.*, 142 Kan. 222, 46 P. 2d 890; *Phillips v. State Highway Comm.*, 146 Kan. 112, 68 P. 2d 1087.

It should be noted that there was no allegation at all as to the width of the culvert in this case. In the Sell case there was an allegation that the tall weeds had grown up at the end of the culvert, which prevented plaintiff from seeing it, and caused the road to be inadequate for public travel. This court said that such a condition did not constitute a highway defect. This was analogous to the situation alleged in this case where it is argued that the fact the banister of the culvert was not painted or that no warning signs were put up constituted the highway defect. (See, also, *Houdashelt v. State Highway Commission*, 137 Kan. 485, 21 P. 2d 343.)

We have concluded that this case is controlled by the decision in the case of *Sell v. McPherson Township*, supra.

The judgment of the trial court is affirmed.