No. 35,385

HERBERT A. BLESSMAN, a Minor, by His Mother and Next Friend, RUTH L. BLESSMAN, *Appellee*, v. THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellant*.

No. 35,386

CHARLES W. BLESSMAN and RUTH L. BLESSMAN, *Appellees*, v. THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellant*.

(121 P. 2d 267)

Opinion filed January 24, 1942.

*Marc Boss*, assistant attorney general, *Otho W. Lomax*, of Cherryvale, and *F. Quentin Brown*, of Greensburg, for the appellant.

*Joseph Cohen*, of Kansas City, and *Robert H. Hudkins*, of Emporia, for the appellees.

The opinion of the court was delivered by

SMITH, J.: These two actions involved the same questions of fact and law, were argued together in the district court and were consolidated on appeal. They were brought to recover damages for personal injuries sustained on what was alleged to have been a defective highway. The demurrer of defendant to the plaintiff's petitions on the ground that they did not state facts sufficient to constitute causes of action were overruled. The defendant has appealed.

The petitions describe the alleged defect as follows:

"Plaintiff further states that during all of the time hereinafter mentioned, U. S. highway No. 50S was a public road and highway in Lyon county, Kansas, running east and west at a point where said road crosses the Neosho river, on a bridge spanning said stream about four miles east of the city of Emporia, Kan.; that during all of the time hereinafter mentioned, there was located a township road, which connected with the said U. S. highway No. 50S at a point about twenty-five feet west of said bridge, said township road entering said highway from the south; that said township road was covered with chat and gravel and at night the color thereof blended with the color of the concrete pavement of the said U. S. highway No. 50S; that in approaching said

bridge from the west, said highway makes a sweeping curve to the northeast for a distance of about a thousand feet; that to motorists driving at night on said highway from the west to the east towards said bridge, the gravel and chat township road appears as a part of the concrete pavement of the said U. S. highway No. 50S.

"Plaintiff further states that during all of the time hereinafter mentioned there were located on the said U. S. highway No. 50S no signs indicating said highway to cross said bridge, no reflectors on any posts near or approaching said bridge, and that there was no painting on the superstructure or guardrails of the said bridge of a white or an illuminative nature, so as to make said bridge apparent to motorists driving at night and that there were no guardrails on the south side of the road for any distance west of the said bridge, rendering said road and bridge defective."

The petition alleged that plaintiff was injured because while driving his car at a moderate rate of speed along this highway he was caused to go off the highway where the township road intersected the highway, and following that course he drove his car into the superstructure of the bridge.

The petition charged the highway commission with negligence in failing to erect metal posts and reflector buttons, to install reflectors on the bridge, to paint the bridge with aluminum paint, to place guardrails on the south side of the highway, to place warning signs at a point west of the curve. It is so well settled as not to require a citation of authorities that an action under this statute is not based on negligence. It is purely a statutory one.

Besides the allegations as to the absence of warning signs, the petition charged that a township road which joined the highway upon which plaintiff was traveling at a point a short distance west of the bridge was covered with chat and gravel so that at night the color blended with the color of the paved highway and appeared to be a part of it.

Plaintiff argues that all these circumstances, that is, the absence of warning signs mentioned and the blending of the color of the township road with that of the highway, constituted a situation which rendered the highway defective.

The plaintiff relies upon what this court said in the case of *Hill v. State Highway Comm.*, 143 Kan. 129, 53 P. 2d 882, to the effect that all the surrounding circumstances shall be considered, and where the condition of the highway was such as to render it dangerous to the traveling public it was defective within the meaning of the statute.

That case is not in point here, however, because there the bridge

was narrower than the traveled highway, and there was a structural defect in the bridge itself which was an element rendering the highway defective. That is not the case here.

Defendant contends that the condition described by the above allegations did not constitute a defect in the highway. The action is based on G. S. 1935, 68-419, which reads, in part, as follows:

"Any person who shall without contributing negligence on his part sustain damage by reason of any defective bridge or culvert on, or defect in a state highway, . . . may recover such damages from the state of Kansas; . . ."

The rule is stated in *Gorges v. State Highway Comm.*, 135 Kan. 371, 10 P. 2d 834, as follows:

"The liability of the state for injuries growing out of defective highways is statutory. It is not founded on the law of negligence, but is created wholly by legislative enactment. . . ." (p. 372.)

The above case further held as follows:

"It has been held that under certain circumstances whether a road is defective is a question of fact to be determined by the jury, . . . but whether an alleged defect comes within the purview of the statute, creating liability is a question of law to be determined by the court." (p. 372.)

A case analogous to this one is that of *Gorges v. State Highway Comm.*, 137 Kan. 340, 20 P. 2d 486. The allegation was that an accumulation of snow and ice rendered the highway defective. This court said:

"What constitutes a defect is not stated. It is to be noted that the so-called defect was not structural in character and in itself was not defective. If there had been a defect in construction or in the upkeep which caused the danger and loss, there would be some ground for recovery. For instance, if there had been a plank out of the floor of a bridge or culvert, or a hole in the pavement of the highway had been cupped out, and the commission had been given adequate notice of the defect and failed to repair the same, a liability against the state might arise." (p. 341.)

In *Bohm v. Racette*, 118 Kan. 670, 236 Pac. 811, it was argued that a high hedge along a highway was a defect. This court said:

"Plaintiffs argue that the high hedge was a defect in the highway within the meaning of that statute. With that argument the court cannot agree. The hedge was no part of the highway. So far as the highway was concerned, it did not matter whether there was a hedge there or not. It may have been big or little, and the highway be in perfect condition. The petitions allege that the highway was in good condition. A defect in a highway is something that interferes with movement over it. Roads in good condition made dangerous by something on the sides of them are not for that reason defective within the meaning of the statute on which the plaintiffs rely. Counties and town-

ships are liable, under certain conditions, for defects in highways, but not for dangerous conditions that exist on the sides of them." (p. 672.)

See, also, *Moore v. State Highway Comm.,* 150 Kan. 314, 92 P. 2d 29, where a dike in a township road which obscured the vision of travelers was held not to be a defect.

See, also, *Phillips v. State Highway Comm.,* 146 Kan. 112, 68 P. 2d 1087, where the fact that weeds concealed a stop sign on a county highway just as it joined the state highway was held not to be a defect.

Under the allegations of this petition there was nothing structurally wrong with the highway. The bridge was not any narrower than the highway. Had the plaintiff remained on the concrete slab no injury would have occurred to him on account of the bridge. This court cannot by a construction of this statute place the burden upon the highway commission of making the slab on the highways and the roads that run into them of contrasting colors. Furthermore, it does not appear that there is any more likelihood that the color of this township highway blended into the color of the concrete slab than that the color of the shoulders of the whole highway blended into that of the concrete pavement.

This court has held in *Sell v. McPherson Township,* 152 Kan. 731, 107 P. 2d 670, and *Wilson v. Barber County Comm'rs,* ante, p. 525, 119 P. 2d 502, that conditions much more dangerous to the public than the one described in this petition were not defective highways.

The judgment of the trial court is reversed with directions to enter judgment for the defendant.