No. 37,978

Mrs. Emma Thompson, *Appellant,* v. Board of County Commissioners, Morris County, Kansas, *Appellee.*

(223 P. 2d 749)

Opinion filed November 10, 1950.

*Marlin Brown,* of Council Grove, argued the cause, and *Owen S. Samuel,* of Emporia, and *Constance L. Brown,* of Council Grove, were with him on the briefs for the appellant.

*Walter E. Hembrow,* of Council Grove, argued the cause, and *Thomas S. Mackie,* of Council Grove, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Thiele, J.: Plaintiff appeals from the ruling of the trial court sustaining defendant's demurrer to her petition and its motion for judgment on the pleadings and on her opening statement.

In view of the trial court's ruling and the arguments presented on this appeal, recitation of the allegations of the petition is limited.

In her petition plaintiff alleged that the highway on which the accident occurred was a county road, and that the county had notice in excess of five days of the defects in the highway because of its performance of roadwork thereon and because the county engineer was notified of the condition of the highway; that plaintiff, riding in an automobile driven by her husband, and without contributory negligence on her part, was proceeding north on the highway on September 3, 1947, at about 11:00 o'clock p. m. and first noticed a light or flare placed upon a pile of gravel located in the highway and that the pile of gravel and other piles were placed in the highway at successive intervals; that the piles of gravel obstructed the use of the highway to some extent but the highway was used by persons traveling upon it; that about two hundred yards from the first flare and north thereof, is a

culvert in the road, the dimensions of which were unknown to plaintiff, which culvert had been installed several years prior to September 3, 1947; that the culvert was defective in that it was not of sufficient width to carry the travel on the highway, did not have proper guideposts or markers showing the location and presence of the culvert, and that the highway and culvert were defective in that the defendant placed on the highway piles of gravel on the culvert without leaving sufficient space on the right hand or east side of the culvert so as to enable users of the highway to pass over and across the culvert; that no signs of warning of the condition of the highway or the presence of the culvert were ever placed in the highway or on the culvert to apprise users of the highway of the presence of the culvert and the ditch and chasm directly adjacent to and below the culvert. It was further alleged that when plaintiff reached the culvert, without notice or knowledge of its existence, the right front wheel dropped into the open space directly east of the culvert at a time when the left front wheel of the automobile was elevated due to the presence of the pile of gravel on the culvert, causing the automobile to be overbalanced and to turn over to the east and fall into the ditch. Allegations, as to the extent of plaintiff's injuries need not be noted nor do we need notice subsequent pleadings.

At the trial plaintiff's counsel made her opening statement, at the conclusion of which defendant moved for judgment on the pleadings and opening statement. Apparently from the remarks of the trial court included in the abstract, a demurrer to the petition had been submitted previously and overruled for the trial court, after stating the petition confined itself to and relied upon alleged negligence in failing to place warning signs and guardrails on the culvert, held that the alleged negligence did not come within the provisions of G. S. 1935, 68-301, and sustained the demurrer. The journal entry recites that the court sustained the demurrer and rendered judgment on the pleadings and opening statement in favor of the defendant. From those rulings the plaintiff appeals.

On the assumption that appellee procured the rulings of the trial court in its favor for the same r e a s o n s as are now asserted by it in this court, we note first that no contention is made that appellant, in her opening statement, made any statement or admission that precluded recovery by her, and our exami-

nation of the opening statement discloses none that would have that effect, and under our decisions, *Rodgers v. Crum,* 168 Kan. 668, 673, 215 P. 2d 190, and cases cited, appellee was not entitled to judgment unless the petition failed to state a cause of action.

Preliminary to noting appellee's contention that the petition did not state a cause of action against the county, we note that the statute fixing the county's liability, if any, arises under G. S. 1947 Supp. 68-301, which in part reads:

"Any person who shall without contributing negligence on his part sustain damage by reason of any defective bridge, culvert, or highway, may recover such damage from the county or township wherein such defective bridge, culvert or highway is located . . ."

By reason of reference later to decisions bearing on the liability of the state for defects in state highways we note that the statute fixing the state's liability (G. S. 1935, 68-419) is almost identical with that quoted above.

Appellee directs attention to allegations that the culvert was defective in that it was not of sufficient width to carry the travel on the highway, did not have proper guideposts or markers to show its location and presence, and that proper guardrails were not installed or other signs placed warning of the presence of the culvert or ditch, and that the highway and culvert were defective in that the defendant placed piles of gravel upon the culvert without leaving sufficient space so as to enable users of the highway to pass over the culvert, and contends that the allegation the culvert was defective in that it was not of sufficient width to carry the travel does not allege any defect, and that it is apparent plaintiff attempted to base her cause of action upon R. S. 1923, 68-1110, which provided for guardrails on county bridges and culverts, but which section was repealed by Laws 1935, Ch. 250. Picking out of the context those allegations referring to guardrails on and warning signs of the culvert, appellee says, "In brief, appellant states that had the county installed guardrails or narrow bridge warning signs the a c c i d e n t would not have occurred" and our attention is directed to *Sell v. McPherson Township,* 152 Kan. 731, 107 P. 2d 670, where it was alleged the defects in the road were failure to maintain a culvert of adequate width; failure to clean out weeds at the ends of the culvert instead of mowing over them, creating the appearance of a well maintained shoulder; failure to erect warning signs and failure

to erect railings or place posts at the ends of the culvert. These allegations were held not to constitute allegations of defects, the court saying:

"It should be kept in mind that the only basis for imposing liability on a township for an accident happening on a township road is the township's failure to conform to the statutory requirements for their construction and maintenance. Liability is not imposed as for common-law negligence. And whether a public road is defective within the meaning of the statute (G. S. 1935, 68-301) is a question of law, when, as here, there is no controversy over the facts." (Citing cases.)

Without quotation therefrom appellee also cites *Wilson v. Barber County Comm'rs,* 154 Kan. 525, 119 P. 2d 502, and *Blessman v. State Highway Comm.,* 154 Kan. 704, 121 P. 2d 267, in which petitions were held insufficient, but where the facts pleaded were materially different than are presently before us.

Appellee concludes its argument by stating that it is apparent appellant has rested her case upon a statutory requirement that no longer exists, and that the liability of the county being purely statutory the plaintiff failed to state a cause of action.

If the allegations of the petition were as limited as appellee's review of them would make them appear to be, then the decision and judgment of the trial court was correct. That they were not so limited will be discussed later.

No citation of authority is necessary to show that the liability of the county for any defects there may be in the county road is that fixed by the statute, a quotation from which is made earlier herein. Neither is it necessary that we now make an extensive review of our many decisions discussing what may constitute a defect.

In *Williams v. State Highway Comm.,* 134 Kan. 810, 8 P. 2d 946, where the claimed defects were holes in the highway, and where the question considered was what constituted a defect, this court said:

"A condition of a highway which renders it dangerous for the public traveling over it is certainly a defect." (l. c. 813.)

That statement is cited with approval in the following subsequent decisions: *Houdashelt v. State Highway Comm.,* 137 Kan. 485, 491, 21 P. 2d 343; *Douglas v. State Highway Comm.,* 142 Kan. 222, 226, 46 P. 2d 890; *Hill v. State Highway Comm.,* 143 Kan. 129, 134, 53 P. 2d 882; *Neiswender v. Topeka Township,* 148 Kan, 113,

115, 79 P. 2d 839; and *Brock v. State Highway Comm.*, 157 Kan. 252, 255, 139 P. 2d 811.

In *Neiswender v. Topeka Township*, supra, a petition charging as a defect in the highway an abrupt, precipitous drop in the highway, the decline being extremely rough and uneven, was under consideration. The court analyzed some of our decisions, stating:

"The petition before us alleges that the deceased was proceeding along the road in a prudent and careful manner and that when he reached the abrupt drop or decline in the road the automobile was precipitated into the air, and when it reached the ground it turned over and rolled down the drop into the deep ditch along the roadway. These allegations, together with the allegations as to the steep, abrupt and precipitous decline of the road, and the absence of warning signs or signals, we think fairly charge that the defective condition of the road was' the legal and proximate cause of the death of the deceased. (*Arnold v. Coffey County Comm'rs*, 131 Kan. 343, 291 Pac. 762; *Collins v. State Highway Comm.*, 134 Kan. 278, 5 P. 2d 1106.)" (l. c. 117.)

In *Brock v. State Highway Comm.*, supra, the court considered a petition alleging that defendant placed a dangerous obstruction at a point on the highway near the peak of a hill where vision was restricted in that it placed a ridge of dark sand and other sand upon a portion of the highway so as to restrict the width of the highway open for travel, all as more fully shown in the opinion, and that there were no stop signs, warning signs or signs of any kind to advise the traveling public of the dangerous condition of the highway nor to warn the traveling public of the dangerous and defective condition of the highway as it existed where the accident occurred. The court reviewed some of our decisions and, affirming a ruling of the trial court, held that the petition stated sufficient facts concerning the condition of the highway as to constitute it a defective highway.

It may be conceded that the allegations that the culvert was not of sufficient width to carry the travel and that it did not have any guardrails or other warnings were not allegations of any defect. The statute fixing liability provides that plaintiff must be without negligence and that such allegations were proper to support her allegation she was without fault does not mean, as assumed by appellee, that that alone was a charge of defect in the highway or in the culvert. The petition, however, clearly alleged the placing of piles of gravel in the highway and on the culvert without leaving sufficient space on the east side to enable travelers to pass over and across the culvert, the presence of which was not made known by any warning signs, and that as plaintiff proceeded northward the left front wheel of the automobile

struck the gravel pile on the culvert, the right front wheel went off the culvert and the automobile went into the ditch. Under the allegations the fact the culvert was narrow or that it was without warning signs cannot be dissociated from the fact that there was a pile of gravel in the highway of which no warning was given. An entirely different situation would be presented had there been no gravel pile in the highway, but that the gravel pile in the highway rendered the highway dangerous and a defect may hardly be debated under our decisions. It is not contended that the gravel pile was not a proximate cause of the accident and we shall not comment on that phase.

The ruling and judgment of the trial court are reversed and the cause is remanded with instructions to overrule the demurrer and the ruling on the motion for judgment and for further proceedings not inconsistent herewith.