## No. 43,507

LESTA M. DUNLAP, *Appellant*, v. EMMETT LAWLESS, A. M. WEBER and F. W. FRAZIER, County Commissioners of Sumner County, Kansas, *Appellees.*

(391 P. 2d 70)

Opinion filed April 11, 1964.

*Patrick F. Kelly,* of Wichita, argued the cause, and *John C. Frank* and *James P. Johnston,* both of Wichita, were with him on the brief for the appellant.

*Ford Harbaugh,* of Wellington, argued the cause, and *Charles E. Watson,* County Attorney, was with him on the brief for the appellees.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action for damages as a result of injuries sustained by the plaintiff due to alleged defects in a county bridge. The trial court sustained a demurrer to the first amended petition, hereafter referred to as the petition, on the ground that it failed to state a cause of action, and appeal has been duly perfected from such order by the plaintiff.

The sole question is whether the defects alleged in the petition state a cause of action within the meaning of G. S. 1949, 68-301.

The pleading under attack alleged that on October 22, 1960, at 5:15 a. m. the appellant (plaintiff) was riding as a passenger in the right front seat of a 1952 Ford automobile owned, driven and controlled solely by her husband. The appellant alleged she was painfully and permanently injured by the negligence of the Sumner

County commissioners, whose duty it is to maintain county bridges, and pursuant to the provisions of G. S. 1949, 68-301, she instituted this action to recover damages for her injuries. The specific allegations material to this appeal read:

"II.

"The plaintiff alleges that on County Road No. 29 in Down's Township at a point approximately three and one quarter miles north of Corbin in Sumner County, there exists a certain county bridge. It is approximately 20 feet wide and 30 feet long, running north and south. It is of wood construction, framed in steel. The floors are wooden, running east and west; that at a time unknown to the plaintiff, but well known to the defendant herein, responsible county employees in an effort to repair or salvage the flooring referred, extended 3 x 10 planking over the flooring, running the same longitudinally or north and south with the road; that sufficient planks were laid to provide two tracks approximately 30 inches wide, 3 inches high and approximately 5 feet apart. . . .

"The plaintiff further alleges that the placement of the 3 x 30 inch tracks in the manner described rendered the bridge unsafe, hazardous, inadequate and dangerous for public traffic, and thus defective within the meaning of G. S. 68-301.

"Plaintiff further alleges that the 3 x 10's were by weather, elements and use permitted to wear, rot and split, particularly at the north end of the bridge; that the 3 x 10's were smooth and worn to such an extent that in wet or rainy weather the tracks were extremely slick and hazardous; that by reason thereof, said bridge was further defective within the meaning of G. S. 68-301.

. . . . . . . . . . . . .

"IV.

"Plaintiff alleges that on the date and time referred, she and her husband were proceeding north on County Road No. 29, and approached the bridge referred; it was dark and the weather was damp and foggy. The plaintiff's husband drove onto the tracks and proceeded north to a point where the left front wheels of his automobile, by reason of the slickened condition of the 3 x 10's and a splintering of the outer portion of these 3 x 10's drove off the tracks, throwing his automobile out of control and into a ditch to the left or west of County Road No. 29, causing severe, painful and permanent injuries to the plaintiff as hereinafter shown."

Other allegations are immaterial to this appeal, and it is conceded if the specific allegations above quoted allege a defect within the meaning of the above statute, the petition states a cause of action. G. S. 1949, 68-301, provides in part:

"Any person who shall without contributing negligence on his part sustain damage by reason of any defective bridge, . . . may recover such damage from the county . . . wherein such defective bridge, . . . is located, as hereinafter provided; that is to say, such recovery may be from the county when such damage was caused by a defective bridge, . . . which by law, . . . the county is obligated to maintain, . . ."

Basically the defects claimed by the appellant are two in number. As expressed in the appellant's brief they are: (1) The laying of 3 by 10 planking in a north-south direction across the original flooring, thereby providing two tracks approximately 30 inches wide, 3 inches high and approximately 5 feet apart therein rendering the bridge unsafe, hazardous, inadequate and dangerous for public traffic; and (2) that the 3 by 10's were permitted to wear, rot and split, particularly at the north end, causing them to be smooth and worn so that in rainy weather they were extremely slick and hazardous.

It is to be noted the petition does not allege any collapse of the bridge, any holes in the bridge, or any defective railings, or that any structural part of the bridge gave way causing appellant's damage. It is further noted the petition does not allege that the accident itself happened on the bridge, but alleges that the appellant's husband, while driving, lost control of the vehicle while crossing the bridge and went off the highway into a ditch on the left side of the road after he had left the bridge and was driving on the highway. It is not claimed that there was a defect in the highway.

The statute in question does not impose liability for general negligence. It is strictly a statutory liability for defects in bridges, culverts and highways. (*Rockhold v. Board of County Commissioners*, 181 Kan. 1019, 317 P. 2d 490; and *Blessman v. State Highway Comm.*, 154 Kan. 704, 121 P. 2d 267.)

Whether an alleged defect comes within the purview of the statute is, in the first instance, a question of law to be determined by the court. (*Cronin v. State Highway Commission*, 182 Kan. 42, 318 P. 2d 1066; and *Earnest v. State Highway Commission*, 182 Kan. 357, 320 P. 2d 847.)

In the *Earnest* case it was said:

". . . There is no legal foot rule by which to measure conditions generally and determine with exact precision whether a given condition constitutes a defect. Some conditions may be so patently dangerous as to clearly constitute defects, while others may be so trifling as to be clearly outside the purview of the statute. The policy of courts is to handle each case separately and either to include it in or exclude it from the operation of the statute. . . ." (p. 359.)

A similar statement is found in *Gorges v. State Highway Comm.*, 135 Kan. 371, 373, 10 P. 2d 834.

Does the presence of parallel plank tracks elevated three inches on a bridge render it defective?

As we read the appellant's brief, she contends the placement of the 3 by 10 planks in the manner alleged constitutes a defect *per se.*

This point goes to the design and construction of the bridge itself. It may be argued that if the bridge were to be built new at the present time, such tracks would not be used. But such bridges are not uncommon in Kansas. It would be an intolerable financial burden for the already hard-pressed taxpayers of a county to be required to alter or replace all steel and wood bridges of similar design simply because newer and better designs were used in the construction of bridges today.

Whether a given condition constitutes a defect within the meaning of 68-301, *supra,* is relative. It must be compared with the general conditions and surrounding circumstances. (*Earnest v. State Highway Commission,* supra.)

The principle involved on the present point under consideration has previously been recognized by this court in *Hill v. State Highway Comm.,* 143 Kan. 129, 53 P. 2d 882, where it was said:

"The progress that has been made in the building of hard-surface highways of all types, together with the perfection of the automobile, has presented to the courts many new problems. Not the least vexatious among them is the oft-recurring one of whether a certain condition constitutes a defect in a highway. Obviously not every trifling imperfection can be held to come under that category. To so hold would make the highway commission the insurer of travelers upon the state highway system. Such was not intended by the legislature. (See *Gorges v. State Highway Comm.,* 135 Kan. 371, 10 P. 2d 834.) It would be fine if all the highways were absolutely smooth and devoid of curves and corners and with every bridge and culvert wide and smooth. The situation with which the commission is confronted, however, is a practical one. There are many miles of highway in the state system and it is all subject to the wear and tear of travel, to ordinary occurrences common to all roads and to the natural wear and change due to exposure to the elements. To require the highways to be kept in perfect condition at all times would place a drain on the highway fund not contemplated by the legislature. . . ." (pp. 134, 135.)

(See, also, *Parsons v. State Highway Comm.,* 146 Kan. 476, 72 P. 2d 75.)

A narrow culvert or a one-lane culvert on a two-lane highway has been held not to constitute a defect within the meaning of the statute. (*Wilson v. Barber County Comm'rs,* 154 Kan. 525, 119 P. 2d 502; and *Sell v. McPherson Township,* 152 Kan. 731, 107 P. 2d 670.)

We have no hesitance in holding that the manner in which the bridge in question was constructed does not make the bridge defective within the meaning of the statute.

Does the allegation that the 3 by 10 planks were permitted to wear, rot and split, particularly at the north end, causing them to be smooth and worn so that in rainy weather they were extremely slick and hazardous allege a defect under 68-301, *supra?*

There is no claim in the allegation relied upon that the bridge was slick or defective in dry weather. Furthermore, there is no allegation that any wearing, rotting or splitting produced any holes or rough places in the bridge. Actually, the allegation is that the bridge was slick in wet weather by reason of the conditions stated.

It has previously been held by this court that slickness is not a defect within the meaning of the statute in question and that results of the elements and weather are not actionable. In *Gorges v. State Highway Comm.,* supra, an accumulation of ice on a state highway was determined not to be a defect within the meaning of the statute. (G. S. 1931 Supp., 68-419, similar to 68-301, *supra.*) It was said in the opinion:

". . . The state, through the highway commission, has under its supervision and control 8,690 miles of road and it would be an unreasonable burden to impose upon the state the duty of keeping highways free from the accumulation of ice during the winter months. Winter brings frequent, recurring storms of rain and snow and sudden and extreme changes in temperature which defy prevention, and usually before correction can be made by any means within the control of the state highway commission it is accomplished by sunshine. To hold that liability resulted from these actions of the elements would be an affirmance of a duty which this court is not warranted in interpreting into the statute." (pp. 373, 374.)

An accumulation of oil which created a slick and slippery condition was held not to constitute a defect in a state highway under the provisions of G. S. 1949, 68-419, in *Sheen v. State Highway Commission,* 173 Kan. 491, 249 P. 2d 934. Although this court has on occasion remarked by way of observation that a dangerous condition in a highway is a defect in the highway, it did not state that any dangerous condition was *per se* a defect under the statute— one creating liability. In addition to being dangerous, a condition must also be one the legislature is deemed to have intended to fall within the statute creating liability. (See, *Sheen v. State Highway Commission,* supra.)

In conclusion we hold the allegations of the petition under attack

did not allege the bridge in question to be defective within the meaning of 68-301, *supra,* creating liability, and by reason thereof it failed to allege sufficient facts to constitute a cause of action.

The judgment of the lower court is affirmed.

FONTRON, J., not participating.

WERTZ, J., dissenting.