THE STATE OF KANSAS, *ex rel. Thomas H. Kingsley, as County Attorney, etc.,* v. WILBUR E. HOOVER, *as Clerk of the District Court, etc.*

No. 15,942.   ( 98 Pac. 276.)

SYLLABUS BY THE COURT.

1. JURY AND JURORS—*Fees in Civil Cases—Costs.* Section 18 of chapter 39 of the General Statutes of 1868 (Gen. Stat. 1901, § 3056), which requires that certain jury fees in civil cases shall be collected from the successful party on the rendition of a verdict in his favor and taxed as costs in the action, is not repealed, but remains in force.

2. MANDAMUS — *Clerk of the District Court — Jurors' Fees — Costs.* The writ of mandamus will not be allowed to coerce the clerk of a district court to attempt the collection and taxation as costs of such jury fees in cases no longer pending wherein the liability of the parties for such fees has been finally determined, and a general order will not be made in anticipation of delinquency in cases hereafter to be tried. It is presumed that the law as now interpreted will be observed.

Original action in mandamus. Opinion filed November 7, 1908. Writ denied.

*Fred S. Jackson,* attorney-general, and *Thomas H. Kingsley,* county attorney, for The State.

*E. J. Sheldon,* and *Alpheus Lane,* for defendant.

The opinion of the court was delivered by

BENSON, J.: This is an original action in mandamus to require the defendant to collect and tax as costs, in civil actions tried by a jury, fifty cents for each juror, as provided by a statute which the state claims is still in force. The answer admits that such fees have not been collected and taxed as costs in the court of which defendant is clerk, but avers that such omission was caused by orders of the court forbidding such action, and that the statute relied upon has been repealed. The evidence shows that upon request made by the proper county authorities for the collection and taxa-

tion of such fees the court, attention being called to such request, ordered that such fees should not be collected or taxed. The orders were made in open court, but do not appear to have been entered on the journal.

Chapter 39 of the General Statutes of 1868, fixing the fees of certain officers and persons, among other numerous provisions contains the following:

"SECTION 1. That the officers and persons herein mentioned shall be entitled to receive for their services the fees and compensation herein allowed, and no other, except as may be otherwise provided by law."

"SEC. 16. Jurors shall be paid the following fees out of the county treasury: For attending before any court of record, for each day's attendance, $1.50."

"SEC. 18. In each civil action, tried by a jury, in the district court, upon the verdict being delivered to the court, and before judgment is rendered thereon, each juror shall be entitled to receive fifty cents from the successful party, which shall be taxed in the costs against his adversary; and such fee, when so paid, shall be deducted by the clerk from the fees of said juror, in the jury fee bill, before certifying the same to the board of county commissioners."

Section 16 was amended by chapter 84 of the Laws of 1871, increasing the fees of jurors to $2 per day, and was reënacted with no other change.

The state alleges that the clerk has failed to perform the duties required by section 18. The defendant alleges that this section was repealed by chapter 131 of the Laws of 1897, an act which has the same title as the act of 1868, and which fixes the fees of the same officers and has the same general scope, but changes the fees for the same services in several instances. It fixes the fees of other officers, and contains other provisions not in the old law. Original section 18, upon which the state relies, was not included in the new act, and the defendant claims that it was repealed because it was so omitted and because of the following repealing section:

"All acts and parts of acts heretofore passed, general

or special and now in force, that conflict with the provisions of this act are hereby repealed." (Laws 1897, ch. 131, § 23.)

The contention that the section in question was repealed is based upon the proposition that the act of 1897 covers the subject-matter of the former law and was designed to take its place, and that the provision requiring the payment of a part of the jury fees by a party is in conflict with section 16 of the old law, being section 17 of the new one, which provides that jurors' fees shall be paid out of the county treasury. Considering these provisions together as parts of the same statute, and in connection with the clause that the jury fees so paid by a party shall be deducted from the jury fee bill which is to be certified for payment by the county, the legislative intent is obvious, and no real conflict appears; and if section 18 is still in force there is no more conflict now than before. That the act of 1897 does not entirely supersede that of 1868 and make the latter inoperative, or effect a repeal by implication, is apparent from the fact that many important provisions of the old law are not found in the new one, but are necessary to give effective operation to many of its provisions. The argument that the section in question was repealed by omission or by the repealing clause of the later act is not persuasive (*Stephens v. Ballou,* 27 Kan. 594; *Hornaday v. The State,* 63 Kan. 499, 65 Pac. 656), and we conclude that it is still in force.

The statutes referred to have been examined and this opinion written because of the prevailing uncertainty and divergence of the practice concerning this matter in the different judicial districts, but the peremptory writ will not be allowed. We ought not to coerce the clerk to attempt the collection and taxation of fees in cases no longer pending wherein the liability of the parties to such charges has been determined by the final action of the court, which can not be reversed in this manner; and we can not presume that the clerk

will fail to perform his duty in the future in each case as occasion may require. (High's Ex. Leg. Rem., 3d ed., §§ 12, 36, 144.) A general order will not be made in anticipation of future delinquencies, for it is presumed that the law as now interpreted will be observed.

The writ is denied.