No. 21,294.

W. J. HARWOOD, as Administrator, etc., *Appellee*, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. LIMITATION OF ACTIONS—*Employer's Liability Act and Death Statute (Civil Code, § 419) Construed—Action for Death Barred After Two Years.* The statute authorizing the maintenance of an action to recover damages where the death of one results from the wrongful act or omission of another, and which provides a limitation as to the time

an action must be brought and as to the amount of recovery (Civ. Code, § 419), was not repealed by the employers' liability act (Laws 1911, ch. 239, Gen. Stat. 1915, §§ 8480-8485), and as the latter act contains no provisions limiting the time within which actions shall be brought under it to recover damages for death negligently and wrongfully caused, the limitation prescribed in the death statute governs; and where the action is not brought within two years after the cause of action accrues it is barred.

2. SAME—*Agreement Inducing Delay Will Not Stay Running of Statute.* As the provision of the death statute referred to is a limitation, not only upon the remedy, but also upon the right, and as the right is lost if the action is not brought within the prescribed time, any representation or agreement of an agent of the defendant which may have induced delay will not estop the defendant from claiming the benefit of the limitation.

Appeal from Jewell district court; RICHARD M. PICKLER, judge. Opinion filed June 9, 1917. Reversed.

*Paul E. Walker,* and *Luther Burns,* both of Topeka, for the appellant.

*J. R. White, W. R. Mitchell,* both of Mankato, *I. M. Mahin,* and *F. W. Mahin,* both of Smith Center, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: W. J. Harwood, the father of Otis E. Harwood, as administrator of the latter's estate, brought this action against the Chicago, Rock Island & Pacific Railway Company to recover damages for negligently causing the death of the decedent while the latter was in defendant's employ. From the judgment of the district court overruling the defendant's demurrer to the petition the latter appeals.

The petition was filed September 13, 1916, and the substance of its allegations was as follows: On January 14, 1914, the deceased, a boy fifteen years old, and inexperienced in relation to the dangers of electricity, was working under the direction of defendant's foreman in measuring the height of certain high-power electric light wires crossing the defendant's right of way. Through the negligence of defendant in using for that purpose a tapeline which contained metal strands, the boy, who was instructed to hold one end of the tapeline while the other was thrown over the electric wires, was instantly killed

Harwood v. Railway Co.

by a heavy charge of electricity conducted to his body from the wires above. It was also alleged that a former action for the same cause was brought on May 7, 1915, by W. J. Harwood and Mary Harwood, the parents of the deceased, against the defendant herein and also the Concordia Electric Light Company, and that before that action was commenced the defendant railway company had represented to the Harwoods that if they would join the electric light company as a defendant in that action, then in the event that a *prima facie* showing was made of the liability of the railway company the latter would pay to the Harwoods the sum of $2500 as damages for the death of their son. It was further alleged that the long delay in bringing the present action was due to the fact that the Harwoods believed, relied upon and acted upon the representations made by the railway company, and that there was no *laches* upon the part of the Harwoods, their attorney or the plaintiff herein; and that the former action was on March 8, 1916, upon a demurrer filed by the railway company, dismissed as to it otherwise than upon the merits and without a trial of the issues.

The abstract contains part of the record of the former action, and from the journal entry of judgment it appears that at the close of plaintiff's evidence a demurrer thereto by the railway company was sustained upon the sole ground that the plaintiffs did not have the legal capacity to sue, and that a demurrer by the Concordia Electric Light Company was overruled and the cause proceeded against the latter with a resulting verdict in its favor. No appeal was taken by the plaintiffs in that action from the orders or judgment rendered.

The ground of the defendant's demurrer to the petition was that the petition did not state sufficient facts to constitute a cause of action, or rather that the cause of action was barred by the statute of limitations. The main question upon which the parties divide is whether or not the limitation in the death statute (Civ. Code, § 419) applies. Plaintiff contends that the action was brought under the employers' liability act (Laws 1911, ch. 239, Gen. Stat. 1915, §§ 8480-8485), and that as no limitation is prescribed in the act itself, and as the action is upon a liability created by statute, the general limitation which gives three years after a cause of action accrues in which to

commence the action is the one which governs. Plaintiff argues that if the legislature had intended to place a limitation upon the liability created by the act it would have been expressed in the act as was done in the death statute, and, as no limitation is attached to the right to sue, the action may be brought within the time prescribed in the general statutes of limitations.

The employers' liability act, under which the action was brought, is the later act, and it provides that all previous acts and parts of acts so far as they conflict with any of the provisions in this act are repealed. Being the latest expression of the legislative will, all repugnant provisions in former statutes must be deemed to be inoperative. The death statute and the employers' liability act both provide that a recovery may be had where death has been caused by the wrong or neglect of another. Under both statutes actions may be brought by the personal representative of the deceased, but under the death statute the widow or next of kin may bring the action if the deceased was a nonresident, or if, being a resident, no personal representative has been appointed. By the death statute the damage inures to the exclusive benefit of the widow and children or the next of kin of the deceased, while in the later act the damages are for the benefit of widow and children, husband and children, or children or mother or father of the deceased, and if none, then to the next of kin dependent upon the employee. In an action brought under the death statute the common-law defenses of contributory negligence and assumption of risk by the deceased are available to the defendant, while under the later act neither is a defense, but the damages may be mitigated by the contributory negligence of the deceased to the extent of the negligence attributable to him. The earlier statute covers only liabilities for death which result from wrongful act or omission, while the later one makes a railroad company liable for injuries to its employees who survive, and also in case of the death of an employee resulting in whole or in part from the negligence of any officer, agent or employee of the railroad company; and it also enumerates a great number of insufficiencies and defects in the railroad, its equipment, machinery and appli-

ances upon which a liability will arise. Under the death statute no provision is made for setting off indemnity or insurance that may have been paid to the injured employee, while under the employers' liability statute the railroad company may set off any sum contributed or paid to any insurance, relief, benefit or indemnity that may have been paid to the injured employee on account of the death for which the action is brought. In the death statute there is a provision limiting the amount of damages that may be recovered for death to ten thousand dollars, but the employers' liability act does not place any limitation upon the amount of recovery, nor does it refer to the question of limitation of amount. The death statute has the express limitation, which is brought directly in question in this action, that the action for death must be brought within two years, while the employers' liability act makes no reference whatever to the time in which an action may be brought. While the later act is much broader in its scope than the earlier one, and while both cover some of the same subject matter, there are important provisions of the earlier one not covered by the later one, and manifestly such provisions have not been repealed. There was no express repeal of the old statute, and to otherwise effect a repeal the legislative purpose must be clearly indicated.

In *Stephens v. Ballou,* 27 Kan. 594, it was said:

"If the provisions of the old act and of the new can be reconciled by any possible mode of interpretation or construction, if the old act and the new can both be given force and effect, according to their terms and under any circumstances, then it should never be held that one overturns and destroys the other, but both should be given full force and effect." (p. 601.)

The general rule is, that if there is a plain and irreconcilable repugnancy between some of the provisions of the old statute and of the new, and as to others there is no conflict, the repugnant provisions of the old must be deemed to be repealed, but the other provisions will be given effect. The old is repealed only to the extent of the repugnancy. (*Hornaday v. The State,* 63 Kan. 499, 65 Pac. 656; *Newman v. Lake,* 70 Kan. 848, 79 Pac. 675; *The State v. Hoover,* 78 Kan. 863, 98 Pac. 276; 36 Cyc. 1073.)

As we have seen, there are important general provisions of the old statute not in the new, and there is scope for the

operation of these in an action to recover damages for death occasioned by wrong and neglect. The limitations upon the amount of recovery and in the time within which actions shall be brought in death cases are general code provisions which have been in force for many years, and appear to be as applicable to death cases under the new statute as under any of the preceding ones.

The question can hardly be regarded as open to further inquiry or interpretation since the decision in *Cheek v. Railway Co.*, 89 Kan. 247, 131 Pac. 617. There a recent statute was under consideration, which provided, among other things, that an owner, lessee, or operator of a coal mine should be liable to the widow and heirs of a miner who lost his life through the willful failure of such owner, lessee or operator to provide for the safety and protection of miners in the way the statute requires. (Gen. Stat. 1915, § 6280.) The act did not prescribe the procedure, nor fix any limitation as to when an action should be brought under it, nor yet as to the amount of recovery, and it was held that actions under it took the same form and course as if conducted under the general code provisions relating to death by wrongful act. It was said:

"No procedure is prescribed for the enforcement of the right, and whenever the legislature gives an action but does not designate the kind of action or prescribe the mode of procedure therein such action shall be held to be the civil action of the code of civil procedure and shall be proceeded in accordingly. (Civ. Code, § 752.) The result is that the mining statute takes its place among the provisions of the code of civil procedure relating to death by wrongful act and becomes subject to those provisions in all respects not differentiated by the mining statute itself. The action must be brought within two years; the damages can not exceed $10,000; and they are to be distributed in the same manner as personal property of the deceased." (p. 254.)

There is a close similarity between that case and this one, and the rule there adopted is a governing precedent as to the application of the statute of limitations in the present case. The employers' liability act takes its place in the statutes of the state and is subject to the general provisions of the code applicable to the different provisions of that act, and an action brought under it for recovery of damages for the death of an employee is subject to and must be tried under the rules of civil procedure not inconsistent with the provisions in the act

itself. There being no limitation in the new act, the one pre-scribed by the code in death cases is applicable, and as the case was not brought within that time the plaintiff's cause of action was effectually barred.

The view taken makes it unnecessary to pass upon the question so much argued, whether the decision in the case brought by the parents of the deceased to recover damages for the death of their son, in which the court, upon a demurrer to the evidence, decided that they were not entitled to a recovery, and from which it appears no appeal was taken, constituted a bar to the action subsequently brought by the administrator. It was alleged that one reason for the delay in bringing the present action was that the claim agent of the defendant told the parents of the deceased and their attorney that if a suit was brought against the defendant, and also the electric-light company, and a *prima facie* showing of liability was made, the railroad company would pay them $2500 as damages; and that they brought such an action, which was not decided until March 8, 1916, more than two years after the death of the son. It would seem from the result in that case that a *prima facie* showing of liability was not made, as a demurrer to their evidence was sustained by the trial court. Besides, the limitation in question is not only a limitation upon the remedy, but also upon the right, and the right is lost if the action is not brought within the prescribed time. (*Hamilton v. H. & St. J. Rld. Co.*, 39 Kan. 56, 18 Pac. 57; *Rodman v. Railway Co.*, 65 Kan. 645, 70 Pac. 642.)

In *Bement v. Grand Rapids & I. Ry. Co.*, 160 N. W. [Mich.] 424, it was held that where a statute creates a liability where none existed, and the limitation of the remedy is a limitation of the right, the fact that an agreement or fraudulent representations have been made by the defendant will not estop him from claiming the benefit of the statute.

The theory is that a condition being attached to the right, it must be enforced within the time fixed. In such case the condition really becomes a part of the right and the right is lost if the time is disregarded. It follows that the decision of the trial court overruling the demurrer to the petition must be reversed, and the cause remanded with directions to sustain the demurrer and enter judgment for the defendant.