No. 31,213.

EDGAR LEE BOHRER, SUSIAN MAY BOHRER and HARRY EDWIN BOHRER, by Their Guardian, CORA GRAHAM, *Appellees*, v. THE KANSAS STATE HIGHWAY COMMISSION, *Appellant.*

(22 P. 2d 470.)

Opinion filed June 10, 1933.

*Wint Smith*, assistant attorney-general, and *Gale Moss*, of Topeka, for the appellant.

*D. V. Downs*, of Kansas City, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: Plaintiff, as guardian of three minors, of the ages of twenty, eighteen and seven years, brought this action for the wrong-

ful death of their parents, alleged to have been caused by defects in a state highway. A general demurrer to the petition was overruled, and defendant has appealed.

The statute (R. S. 1931 Supp. 68-419) under which the action was brought, contains these provisos:

"*Provided,* That no such action shall be maintained unless within ninety days after the sustaining of such damage, written notice, stating the date, when, and place where such damage was sustained, the name and correct post-office address of the person sustaining such damage, and the character of the damage sustained, shall be served upon the director of highways, either in person or by registered mail at his office in Topeka, Shawnee county, Kansas: *Provided further,* That the action must be commenced within two years."

The petition alleged the injury occurred September 1, 1930, as a result of which the mother of the minors died September 4 and the father November 5, 1930, and that the notice of claim for damages was given May 18, 1932, and because of a defect therein was corrected May 25, 1932. The action was filed August 12, 1932. Appellant contends that the petition shows on its face that it does not state a cause of action, in that the written notice required by the statute was not given within ninety days after the damage was sustained, but more than twenty months thereafter.

Apart from the provisos above set out the statute in question (R. S. 1931 Supp. 68-419) is much like the statute (R. S. 68-301) pertaining to the liability of counties and townships for defects in their highways (*Collins v. State Highway Comm.,* 134 Kan. 278, 283, 5 P. 2d 1106). This has been construed frequently by this court. (See *Arnold v. Coffey County Comm'rs,* 131 Kan. 343, 291 Pac. 762, where the earlier cases are collected, and the later cases of *McGuire v. Ellis County Comm'rs,* 133 Kan. 225, 299 Pac. 945; *Collins v. State Highway Comm.,* supra, p. 283; *Mowrer v. Osage Township,* 135 Kan. 278, 279, 10 P. 2d 906; *Arnold v. Coffey County Comm'rs,* 135 Kan. 551, 11 P. 2d 729.) In brief, it authorizes one who, without contributing negligence on his part, has sustained damage by reason of a defect in the state highway to recover such damages from the state of Kansas, under certain circumstances, by an action brought against the state highway commission in the district court. It is a liability created by statute. The state, originally being immune from such liability, can be sued only for the cause and under the circumstances and within the time provided by statute. (See *Payne v. State Highway Comm.,* 136 Kan. 561, 16 P. 2d

509, in addition to authorities above cited.) All of this is settled law in this state and not seriously controverted here. The point in controversy here is whether the provisos above set out are applicable to minors. Although the action was brought within two years after the alleged injury, the petition discloses on its face that the written notice of damages required by the statute to be given to the state highway commission, as a condition precedent to maintaining the action, was not given within time.

Our statute relating to cities (R. S. 12-105, revising § 7, ch. 122, Laws 1903, relating to cities of the first class, and § 1, ch. 143, Laws 1919, relating to cities of the second class) requires a similar notice before an action can be maintained against any city on account of injury to person or property. In *Dechant v. City of Hays*, 112 Kan. 729, 212 Pac. 682, a question arose as to whether this statute, as it pertains to cities of the second class, applies to minors. The question was thoroughly considered and the statute was held "to apply to minors as well as to adults." In that case the minor was a boy nine years of age. It was further held that the statute created a condition precedent to the maintenance of such an action, and that the legislature had power to enact a statute making such a condition precedent. This holding has been repeatedly followed. We see no reason why the same rule should not apply here.

Appellees cite R. S. 60-307 to the effect that one under legal disability may bring an action within one year after such disability has been removed, and R. S. 77-201, 27th clause, which defines the phrase, "under legal disability," to include persons within the age of minority. These are general provisions relating to the statute of limitations and are not applicable to a statute which creates a liability where none existed previously and which fixes the time within which the action must be brought (*Harwood v. Railway Co.*, 101 Kan. 215, 171 Pac. 354), or within which a notice of claim for damages must be given.

The judgment of the court below must be reversed, with directions to enter judgment for defendant. It is so ordered.