No. 33,267

LESLIE LEON THOMAS, by W. L. THOMAS, His Father and Next Friend, *Appellant*, v. THE CITY OF COFFEYVILLE et al., *Appellees*.

(66 P. 2d 600)

Opinion filed April 10, 1937.

*Payne H. Ratner*, of Parsons, and *Harold Medill*, of Independence, for the appellant.

*Raymond Belt*, city attorney, and *Clement H. Hall*, of Coffeyville, for the appellees.

The opinion of the court was delivered by

THIELE, J.: Plaintiff appeals from an order sustaining demurrers to his petition.

So far as need be noticed, it is alleged in the petition that the defendant city erected a soldiers' and sailors' memorial building and

that the individual defendants are the duly appointed and acting trustees of and are in full control of the management of said building, and from time to time have rented it to persons interested in using it, and that the renting is for the purpose of profit; that the building was rented to a Boy Scouts' group for use on December 7, 1934, and about 7:30 p. m. of that day plaintiff, aged sixteen years, who was a Boy Scout, with others, was taken to the rear of the building so that the group, with their equipment, might enter the building; that there were no lights burning at the rear of the building, although there were lights there which could have been lighted; that it was dark, and in entering the building plaintiff stepped into an unguarded opening in the sidewalk, and fell about nine feet, sustaining injuries for which he sought damages; that on December 6, 1935, he filed with the city clerk a written claim for damages, which claim was rejected by the city. Attached to the petition, as exhibits, are copies of the claim filed and of a letter from the city attorney advising plaintiff's counsel that the city commissioners had concluded the statutes governing claims against the city had not been complied with and they were without authority to entertain a settlement on any basis.

Separate demurrers by the city and by the trustees were filed against the petition, and after a hearing thereon, were sustained by the trial court, and from that ruling plaintiff appeals.

The question presented by the appellant is whether there are instances in which a city may be sued for damages in which it is not necessary to comply with G. S. 1935, 12-105, or statutes similar in effect. The question as presented is divided into two parts. One is that such statute is not applicable to an infant; the other is that such statute applies only to claims arising out of conduct by the city in its governmental capacity, and not to claims arising out of a private business enterprise conducted by the city. The statute reads as follows:

"No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within three months thereafter and prior to the bringing of the suit file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received and the circumstances relating thereto. Such city shall have thirty days from the time of the filing of such statement to make settlement with the claimant if it so desires."

With respect to whether the statute applies to infants as well as to adults, appellant relies on *McDonald v. City of Spring Valley*,

285 Ill. 52, 120 N. E. 476, in which it was held that if a similar statute be construed to apply to a child of tender age, it would be unconstitutional as depriving it of due process of law. It may be observed the child in that case was seven years of age. In *Dechant v. City of Hays,* 112 Kan. 729, 212 Pac. 682, a similar contention was made, the above Illinois case and others of like import being cited in support. This court expressly declined to follow those cases, and held that chapter 143 of the Laws of 1919, which, with other statutes of like effect, pertaining to cities of other classes, was revised in 1923, and now appears as G. S. 1935, 12-105, created a condition precedent to the maintenance of such an action, and that it applied to minors as well as adults. A reëxamination of the question convinces us there is no good reason to depart from the conclusion reached in the Dechant case, and following it, the trial court did not err in sustaining the demurrers.

With respect to the second contention that our statute refers to claims arising out of governmental functions, and has no application to claims arising out of proprietary functions, appellant assumes that erection and use of a memorial building is in a proprietary capacity. We need not determine correctness of that assumption. Our statute, quoted above, makes no exceptions, and on the contrary the language used is all-inclusive. There is no doubt of the power of the legislature to fix the conditions under which a city may be sued. (*Bailey v. Baldwin City,* 119 Kan. 605, 240 Pac. 852.) If there are to be exceptions to the plain language of the statute, they must be made by the legislature and not by the courts. The plaintiff was not relieved from giving timely notice of his claim, even if it be assumed the maintenance of a memorial building was a proprietary function of the city.

The judgment of the lower court is affirmed.