Nos. 39,793 and 39,794

JIMMIE LEE SHIELDS, *Appellee,* v. THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellant.*

CHARITY ELAINE SHIELDS, *Appellee,* v. THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellant.*

(286 P. 2d 173)

Opinion filed July 6, 1955.

*Donald C. Amrein* and *Connie Achterberg,* both of Topeka, argued the cause, and *W. B. Kirkpatrick,* assistant attorney general, was with them on the briefs for the appellant.

*Oren Gray,* of Parsons, and *Payne H. Ratner, Jr.,* of Wichita, argued the cause, and *James Phillips,* of Parsons, and *Payne H. Ratner, Louise Mattox, Russell Cranmer, Dale B. Stinson, Jr., Keith Eales, Cliff W. Ratner, William L. Frey,* and *A. Wayne Murphy,* all of Wichita, were with them on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This is a consolidation of two cases brought pursuant

to the provisions of G. S. 1949, 68-419, to recover damages allegedly caused by a defect in a state highway. The amended petition, the demurrer thereto, and the answer of the defendant, in each case, are identical insofar as they have application to the question involved herein, and the cases will be treated as one and referred to in the singular.

This is an appeal from an order of the trial court striking a substantial portion of defendant's defense from its answer in each case.

Appellees Jimmie Lee Shields and Charity Elaine Shields will be hereinafter referred to as plaintiffs, and appellant State Highway Commission, as defendant.

A brief statement of the pleadings and question involved is as follows: Insofar as pertinent, plaintiff's amended petition alleges that on April 6, 1952, at 1 o'clock a. m., plaintiff was travelling on a blotter type road west on state highway K-103 when his automobile struck a pit or chuckhole, ten inches deep and about three feet in diameter, located on the westbound traffic lane of the highway. The strip of road existed in a dangerous condition for six months prior to the time of the accident. Plaintiff was using due care at the time; that defendant had notice of the dangerous defect in the highway for more than five days prior to the accident, and that it failed to keep the road in good repair or to maintain it properly, or to erect barricades or warning signs to advise plaintiff of the dangerous condition of the highway; that plaintiff's automobile struck the chuckhole and turned over, injuring plaintiff as alleged. Plaintiff further alleged that the defendant was notified by registered mail by mailing notice on July 5, 1952, at the post office at Parsons, the notice stating the date, when, and place where he sustained his damages, his name and correct post office address, and damages suffered, the same being done within ninety days after the happening of the injuries and damage suffered by plaintiff, and that the notice was on file in the office of the State Highway Commission at Topeka; that more than thirty days had lapsed since the filing of the notice; that defendant had not paid plaintiff's claim and had refused to pay the same or any part thereof. Plaintiff asked judgment against the defendant for damages sustained.

The amended petition was attacked by demurrer, which was by the court overruled, generally. Subsequently, defendant filed its answer consisting of a general denial, admitting the residence of plaintiff and that defendant was a body corporate with power to

sue and be sued under existing laws of the state, and that highway K-103 was a part of the Kansas highway system under the jurisdiction and control of defendant; that plaintiff was possessed of a Kansas operator's license, and specifically denied plaintiff's damages were caused by reason of a highway defect; that plaintiff's injuries were the result of his carelessness and negligence as set forth, and further pleaded as follows:

"9. Defendant admits the mailing of notice by plaintiff on July 5, 1952, as set out in paragraph 7, count 1, of the petition *but alleges and states that said notice was not received by the Director of Highways at his office in Topeka within the ninety-day period as required by G. S. 1949, 68-419, and that plaintiff is not entitled to maintain this action.*" (Italics supplied.)

Defendant seeks to recover its costs. To the answer, plaintiff filed a motion to strike the italicized portion of paragraph 9. The motion was sustained by the trial court and this appeal followed.

We will first consider the plaintiff's motion to dismiss the appeal. It is argued that the defensive matter set up in the stricken portion of the answer was urged and presented to the court upon the hearing of the demurrer and, as the trial court overruled plaintiff's demurrer and no appeal was taken from such ruling within sixty days, it was a final adjudication and cannot be reasserted by defendant. Therefore, the motion to strike was properly sustained.

This same contention was made in the somewhat identical case of *Miller v. Whistler,* 153 Kan. 329, 331, 110 P. 2d 744, where we said:

"Appellee contends that matters raised, argued and briefed, which were decided by the court upon overruling the demurrer to plaintiff's petition, and unappealed cannot again be raised by being pleaded in the answer of defendants. It is asserted that the matters set up in the answer and which were stricken were briefed and submitted to the court upon the demurrer to the petition, and as the decision on the demurrer was not appealed, that the ruling on the demurrer was a final adjudication, and therefore the motion to strike was properly sustained. In support of these contentions appellee cites 49 C. J. 693, sec. 984, and Iowa decisions.

"We do not think the contentions of appellee can be sustained.

"Our statute G. S. 1935 [G. S. 1949], 60-758, provides that upon a demurrer being overruled, the party who demurred may answer if the court or judge is satisfied that he has a meritorious defense, and did not demur for delay. In overruling the demurrer the court made an order giving defendant thirty days in which to file an answer. Manifestly the court was satisfied the defendant had a meritorious defense.

"The argument of appellee is based on the assumption that as there was no appeal from the ruling on the demurrer to the petition, that such ruling was

a final adjudication. However, if final judgment should be entered in the case against defendants, and an appeal from such judgment should be taken within two months, then, under G. S. 1939 Supp. [G. S. 1953 Supp.], 60-3314a, the ruling on the demurrer would be subject to review."

In the instant case, the record fails to reveal the grounds of defendant's demurrer or the theory on which the court overruled it, and no final judgment was entered thereon. Under section 60-758 the defendant, having the right to answer, may set up in such answer as many grounds of defense as he may have (Section 60-710; *State, ex rel., v. Leopold,* 172 Kan. 371, 240 P. 2d 138, and citations therein), even though one or more of such defenses may have been raised and argued on the hearing of the demurrer and, when so done, such matters are not *res judicata.*

Having established the fact that defendant has a right to form its pleadings so as to meet such conditions and contingencies of the case as its opponent might possibly attempt to prove, we must next consider whether the stricken portion of defendant's answer constituted a defense. This requires an analysis of G. S. 1949, 68-419, which provides, in pertinent part:

"Any person who shall without contributing negligence on his part sustain damage by reason of any . . . defect in a state highway, . . . may recover such damages from the state of Kansas; . . . *Provided,* That no such action shall be maintained unless *within ninety days* after the sustaining of such damage, *written notice,* stating the date, when, and place where such damage was sustained, the name and correct postoffice address of the person sustaining such damage, and the character of the damage sustained, *shall be served upon the director of highways, either in person or by registered mail at his office in Topeka,* Shawnee county, Kansas: . . ." (Italics supplied.)

The statute authorizes one who, without contributing negligence on his part, has sustained damage by reason of a defect in a state highway to recover such damage from the state of Kansas under certain conditions and circumstances by an action brought against the state highway commission in the district court. It is a liability created by statute. The state, originally being immune from such liability, can be sued only for the cause, under the conditions and circumstances and within the time and manner provided by statute. (*Bohrer v. State Highway Comm.,* 137 Kan. 925, 22 P. 2d 470; 40 C. J. S. 322, § 275(a).) This court has consistently held that a person in order to recover against the state must show himself clearly within the statute. We have no right to enlarge the scope of the statute nor to amend it by judicial interpretation. (*Phillips v. State Highway Comm.,* 148 Kan. 702, 705, 84 P. 2d 927.)

The stricken portion of the answer admits the mailing of notice at Parsons on the ninetieth day (July 5, 1952) as alleged in plaintiff's petition, but alleges the notice was not received by the director of the highways at his office in Topeka within the ninety-day period as required by statute. The statute provides, as a condition precedent to maintaining the action, that plaintiff *shall* within ninety days *serve* notice upon the director of the highways, either in person or by registered mail at his office in Topeka. Under the statute, plaintiff was given the choice of delivering the notice, personally, or sending it by registered mail. However, if he chose the latter, such notice must reach the director at his office in Topeka within the time specified. The two methods of service of notice granted plaintiff in no way extended the time provided by statute. Provisions with respect to the time of giving notice must ordinarily be strictly complied with, and it has been held that the provision limiting the time for presentation or service, is a statute of limitation which extinguishes the right of action upon the expiration of the time specified. A notice mailed within the time specified but not received until after the expiration of such time has been held to be insufficient. (25 Am. Jur., Highways, 838, § 553.) The notice must be served on the governmental body or officer as prescribed in the statute. It must be served, filed or received within the time prescribed. (40 C. J. S. 324, § 275(d).)

The language of the statute is plain. It states that written notice shall be *served* on the director of highways, either in person or by registered mail *at his office in Topeka* within ninety days after the damage is sustained. An allegation of plaintiff's failure to give the required notice in the manner specified by the statute constitutes a valid defense to the action. Since the legislature did not expressly provide that service of notice under the mentioned statute was effected merely by deposit in the registered mail, this enlargement of the statute cannot be done by judicial interpretation. There is no doubt of the power of the legislature to fix the conditions and specify the manner under which the state may be sued. If there are to be any exceptions to the plain language of the statute, they must be made by the legislature and not by the courts. (*Thomas v. City of Coffeyville*, 145 Kan. 588, 590, 66 P. 2d 600.)

It is not the function of this court at this time to decide whether defendant received the notice within the time specified by statute, but whether it was available as a defense. The question of evidence

or proof as to the facts is not before us, but merely the right to plead a defense under the code of civil procedure. It is paramount in our system of justice that defendant be given the right to plead all available defenses and an opportunity to present his evidence in the light of those defenses. We are of the opinion that the allegations in the answer sufficiently pleaded the defense of failure to receive notice in the time provided by the statute and that the trial court was in error in striking the defense so pleaded.

The judgment of the lower court is reversed with instruction to reinstate the stricken portion of defendant's answers.

It is so ordered.

SMITH, J. (dissenting): I find myself unable to concur in the opinion of the majority. The construction placed on G. S. 1949, 68-419 is too strict. The statute has the effect of placing a limitation of ninety days on the bringing of an action against the state highway commission on account of a defective state highway. That is bad enough without this court placing such a narrow construction on it as to deprive some of our citizens of the full ninety days to give the required notice.

The effect of this decision is to give only a litigant with counsel residing in Shawnee county the full ninety days. One whose counsel lived in Goodland or Elkhart or any other of the more or less distant cities of the state would have at the most only eighty-six, eighty-seven, eighty-eight or eighty-nine days, depending on the swiftness and efficiency of the postal service. The legislature never did intend such an unfair and unjust result. A holding that the service of notice was complete when it was deposited in the mails, properly addressed and duly registered would avoid such a result. The legislature intended such to be the case. The provision the notice might be made by registered mail would not have been included in the statute otherwise.

The state highway director is in his office for only the customary eight hours a day. His duties take him to various places in the state and to points in the United States beyond the state. For some days due to fortuitous circumstances there is no state highway director. The narrow construction placed on the statute by the majority opinion would make it impossible to get service on that official and thus avoid the bar of the statute at any time except during the eight hours while he was in the office and the bar could not be avoided.

No action could be brought at all if the end of ninety days came any time while the office was vacant. The legislature never intended any such an absurd result.