(583 P.2d 1035)
No. 49,275

JOHN M. RODACK and HELEN I. RODACK, *Appellants,* v. STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellee.*

Opinion filed September 15, 1978.

*George E. Mallon, P.A.,* of Kansas City, for appellants.

*Sara N. Langland,* attorney for Kansas Department of Transportation, appellee.

Before SWINEHART, P.J., SPENCER and MEYER, JJ.

MEYER, J.: This case was brought by appellants for the wrongful death of their daughter in an automobile accident, against the Kansas State Highway Commission. Appellee's motion to dismiss for failure to comply with a statutory notice requirement was sustained by the trial court.

Appellant states the sole issue is whether under the particular circumstances of this case, the appellee is equitably estopped from asserting the defense of failure to comply with a statutory provision of K.S.A. 68-419. The pertinent part of K.S.A. 68-419 is as follows:

". . . [N]o such action shall be maintained unless within ninety (90) days after the sustaining of such damage, written notice, stating the date, when, and place where such damage was sustained, the name and correct post-office address of the person sustaining such damage, and the character of the damage sustained, shall be served upon the director of highways, either in person or by registered or certified mail . . . . [M]ailing of the notice required by this section by registered or certified mail within ninety (90) days after such damages are sustained, shall be deemed sufficient service of notice of a claim."

The accident at issue occurred on April 21, 1975. On May 5, 1975, appellant mailed a letter containing the facts required by K.S.A. 68-419 to:

"Kansas State Highway Commission
Legal Department
State Office Building
7th floor
Topeka, Kansas 66612"

The letter was not sent by registered or certified mail. Shortly thereafter, appellants received from the chief attorney, legal department, State Highway Commission of Kansas, a copy of a form called "Attorney Assignments." This form showed the attorney assigned was John W. Strahan; it was dated May 5, 1975. It contained the notation, "FILE REFERENCE: DEFECTIVE HIGHWAY-90 Day Notice," and other specific data pertaining to the accident. It also contained the following statement:

"NOTICE TO ORIGINATING OFFICE: Please Direct any questions concerning this file to the attorney to whom it has been assigned."

Appellants received no other response to their May 5, 1975, letter.

On May 23, 1975, appellants directed a letter to Mr. Strahan, again setting forth the facts required by K.S.A. 68-419. This letter also showed the notation: "File Reference: Defective Highway-90 day notice." Appellants then received a reply dated July 3, 1975, acknowledging receipt of the May 5, 1975, and May 23, 1975, letters, and advising appellants that "the State Highway Commission denies any liability in this matter." This letter was signed by Sara N. Langland, staff attorney, legal department.

It is the appellants' contention that their letters to the legal department of the State Highway Commission constituted compliance with K.S.A. 68-419, or at least substantial compliance with that statute, and further that the state is now estopped from asserting the defense of failure to comply with the statutory notice requirements of K.S.A. 68-419. The appellants interpreted the copy of the "Attorney Assignments" form as the state's acknowledgment of receipt of a 90-day notice.

On the other hand, appellee claims that the attorney assignments form was merely an interoffice memo. Appellee further contends that K.S.A. 68-419 must be strictly complied with, and that non-compliance was demonstrated in two ways: (1) that the "notice" was not directed to the director of highways (now the

secretary of transportation); and (2) that the notice was not sent by registered or certified mail as required by the statute.

The appellants argue that the director of highways himself (by deposition testimony) stated he expected to be bound by the conduct of his chief attorney.

The appellee responds that the deposition testimony was that the director of highways had no actual knowledge of this claim prior to the date the case was filed (more than 90 days after the accident).

In *Shields v. State Highway Commission,* 178 Kan. 342, 286 P.2d 173 (1955), the accident occurred on April 6, 1952, and the notice was mailed on July 5, 1952 (by registered mail).

In the instant case, as in *Shields,* there was a substantial compliance with the statute. The court, in *Shields,* at page 345, states as follows:

". . . This court has consistently held that a person in order to recover against the state must show himself clearly within the statute. We have no right to enlarge the scope of the statute nor to amend it by judicial interpretation. (*Phillips v. State Highway Comm.,* 148 Kan. 702, 705, 84 P.2d 927.)"

That court later stated at page 346 as follows:

"The language of the statute is plain. It states that written notice shall be *served* on the director of highways, either in person or by registered mail *at his office in Topeka* within ninety days after the damage is sustained. An allegation of plaintiff's failure to give the required notice in the manner specified by the statute constitutes a valid defense to the action. Since the legislature did not expressly provide that service of notice under the mentioned statute was effected merely by deposit in the registered mail, this enlargement of the statute cannot be done by judicial interpretation. . . ."

In *Brown v. Wichita State University,* 219 Kan. 2, 547 P.2d 1015 (1976), the court upheld the validity of K.S.A. 46-901. Thus, the state is immune from tort liability except as specifically provided by statute, as for example, by K.S.A. 1976 Supp. 68-419 (now 1977 Supp.). The Supreme Court recently stated, in *Wilson v. Probst,* 224 Kan. 459, 581 P.2d 380 (1978), that the holding of *Brown,* supra, was reaffirmed in *Whitmire v. Jewell,* 223 Kan. 67, 573 P.2d 573 (1977), and would not be disturbed in *Probst.* Thus, there is no question but that immunity exists except as provided by statute, and we are left with the sole question of whether appellants herein satisfied the requirements of K.S.A. 68-419.

Here the director of highways testified that he had no notice within the 90-day period. Considering this, we feel that *Shields* is

controlling here, and that we have no right to enlarge the scope of the statute or to amend it by judicial interpretation. We do not decide whether substantial compliance with the statute would suffice had the director of highways had actual notice.

The statute K.S.A. 68-419 has a specific requirement that the notice "shall be served upon the director of highways, either in person or by registered or certified mail." Even where there is substantial compliance with that statute, the director of highways (now the secretary of transportation) cannot be estopped under the circumstances of this case when he had no actual notice within the 90-day period.

Affirmed.

SPENCER, J., dissenting: I respectfully dissent. The letter of May 5, 1975, referred to in the opinion, contained the following:

"I have been employed to represent the family and estate of Janet Marie Rodack of 1909 Ewing, Kansas City, Missouri. Miss Rodack was killed in an automobile accident which resulted from a defect in the roadway at a location approximately 150 yards west of the Antioch overpass on Interstate-435 in Johnson County, Kansas. The accident occurred on April 21, 1975.

"I would appreciate it if someone from your office could get in contact with me in regard to this claim. If you need any further information please don't hesitate to contact my office."

The attorney assignment form of May 5, 1975, not only acknowledged receipt of notice of the claim, but instructed plaintiffs thereafter to "[d]irect any questions concerning this file to the attorney to whom it has been assigned." If in fact this was an interoffice memo as contended by appellee, there would have been no reason to send a copy to plaintiffs' attorney or to give such instructions.

The letter of May 23, 1975, again set forth all of the information required by K.S.A. 68-419 as a prerequisite to maintaining the action and was directed in accordance with the instructions contained in the attorney assignment.

The letter of July 3, 1975, acknowledged receipt of plaintiffs' letters of May 5 and May 23 and notified plaintiffs that the Commission denied liability. This letter was on the letterhead of the State Highway Commission of Kansas and was signed on behalf of the Chief Attorney. At this point, just seventy-three days had elapsed from the date of the accident.

It must surely be obvious that every reasonable purpose for the

existence of K.S.A. 68-419 was accomplished within the ninety-day period allotted. This is not a case in which there was no notice given, nor is it a case where notice was given out of time as in *Shields v. State Highway Commission,* 178 Kan. 342, 286 P.2d 173 (1955). It is simply a matter in which proper notice was given by other than registered or certified mail. The only apparent justification for registered or certified mail is to assure notice being given and to provide proof of the fact. Surely this was accomplished by acknowledgment of the claim, and surely plaintiffs had every reason to believe that their claim was properly before the Commission. To adopt this position does not in my judgment enlarge the scope of the statute and this cause should be remanded for trial.