No. 49,275

JOHN M. RODACK and HELEN I. RODACK, *Appellants,* v. STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellee.*

(591 P.2d 630)

Opinion filed February 24, 1979.

*George E. Mallon, P.A.,* of Kansas City, argued the cause and was on the brief for the appellants.

*Donald S. Simons,* chief attorney, argued the cause, and *Sara N. Langland,* staff attorney, was with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: This court on the petition of the plaintiffs-appellants granted review after the decision of the Kansas Court of Appeals in *Rodack v. State Highway Comm'n,* 2 Kan. App. 2d 535, 583 P.2d 1035 (1978), was handed down affirming the order of the Johnson District Court which dismissed this action. We reverse the judgment of the Court of Appeals, reverse the judgment of the district court and remand the case for further proceedings.

The plaintiffs, John M. and Helen I. Rodack, appeal from an order dismissing a wrongful death action filed against the State Highway Commission under K.S.A. 1978 Supp. 68-419, the highway defect statute. A very narrow question is presented as to the sufficiency of notice given to the predecessor of the secretary of transportation. The pertinent provision of the statute reads:

"*Provided,* That no such action shall be maintained unless within ninety (90) days after the sustaining of such damage, written notice, stating the date, when, and

place where such damage was sustained, the name and correct post-office address of the person sustaining such damage, and the character of the damage sustained, shall be served upon the secretary of transportation, either in person or by registered or certified mail at his or her office in Topeka, Shawnee county, Kansas. . . ." K.S.A. 1978 Supp. 68-419.

The only difference between this and the former statute, K.S.A. 68-419, is that the secretary of transportation is named in place of the director of highways.

The plaintiffs allege in their petition that they have fully complied with the statute. A motion to dismiss was filed, and at the hearing on the motion the deposition of the director of highways and certain other writings pertaining to receipt of the ninety-day notice were introduced. The district court held the notice provision of the statute had not been met and the action could not be maintained. This court on review of the decision of the Court of Appeals holds that substantial compliance with the ninety-day notice provision was shown.

Before proceeding further we note that when the present action was filed (March 24, 1976) the State Highway Commission was erroneously named the defendant in this action. The State Highway Commission and the office of director of highways were abolished, effective August 15, 1975. K.S.A. 75-5004. The law passed in 1975 created the office of secretary of transportation. The secretary took over the duties of the commission and of the director. The law in effect when the action was filed provides that no suit commenced against the State Highway Commission of Kansas shall abate by reason of governmental reorganization, and a court shall allow suit to be maintained against the successor. K.S.A. 75-5019. In an effort to minimize confusion in referring to parties in this opinion we will continue to refer to the State Highway Commission and to the director of highways even though the secretary of transportation of the State of Kansas is the real party in interest and on remand should be substituted as the proper party defendant.

We turn now to the facts of this case. The petition alleges that the wrongful death of plaintiffs' daughter occurred on April 21, 1975, while she was traveling on State Highway I-435. Plaintiffs allege that death was caused by reason of a defect in the highway and that notice was properly served on the director of highways as required by K.S.A. 68-419. When evidence was introduced on the motion to dismiss the action certain letters were introduced

along with a deposition of the former director of highways. The first letter was written by an attorney for plaintiffs. It was dated May 5, 1975, and was addressed to the Kansas State Highway Commission. It reads as follows:

"Kansas State Highway Commission
Legal Department
State Office Building
7th Floor
Topeka, Kansas 66612
    RE:  Claim of Janet Marie Rodak, Deceased
Dear Sirs:
    I have been employed to represent the family, and estate of Janet Marie Rodak of 1909 Ewing, Kansas City, Missouri. Miss Rodak was killed in an automobile accident which resulted from a defect in the roadway at a location approximately 150 yards west of the Antioch overpass on Interstate-435 in Johnson County, Kansas. The accident occurred on April 21, 1975.
    I would appreciate it if someone from your office could get in contact with me in regard to this claim. If you need any further information please don't hesitate to contact my office.
                                    Yours truly,
                                    PRESTON L. CAIN"

As will be shown by the testimony of the director, which will be quoted later in this opinion, the letter was received in his office and in response the following "attorney assignment form" was mailed to Mr. Cain, the plaintiff's attorney:

"STATE HIGHWAY COMMISSION OF KANSAS
Legal Department
State Office Building
Topeka, Kansas 66612
ATTORNEY ASSIGNMENTS
FILE REFERENCE:  DEFECTIVE HIGHWAY—90 Day Notice
Claimant:  Family and Est. of Janet Marie Rodak
1909 Ewing, K.C. MO.
D/A 4/21/75—I-435, Johnson Co., approx.
150 yds west of Antioch overpass.
FILE RECEIVED:  May 7, 1975
FROM:  Preston L. Cain, Attorney at Law
 220 Civic Plaza, National Bank Building
 13th and Oak Streets
 Kansas City, Missouri 64106
ATTORNEY ASSIGNED:  John W. Strahan
INSTRUCTIONS:  Please comply with request.
DATED:  May 5, 1975

                            s/  Thomas  W.  Regan
                            THOMAS  W.  REGAN
                                    Chief Attorney
                                    Legal Department

<u>NOTICE TO ORIGINATING OFFICE</u>: Please Direct any questions concerning this file to the attorney to whom it has been assigned.
John W. Strahan
First Assistant Attorney
Legal Department
State Highway Commission
State Office Building
Topeka, Kansas 66612"

The attorney designated to handle the matter was Mr. Strahan of the legal department of the State Highway Commission.

On May 23, 1975, after receiving the "attorney assignment form," plaintiffs' attorney again wrote the department as follows:

"John W. Strahan
First Assistant Attorney
Legal Department
State Highway Commission
State Office Building
Topeka, Kansas 66612
    RE:  File Reference:  Defective Highway—90 day notice
        Claimant:  Family and Estate of Janet Marie Rodak, 1900 Ewing,
                  Kansas City, Missouri
        D/A:      May 21, 1975
        Location:  I-435, Johnson County, Kansas
                  Approximately 150 yards west of Antioch overpass
Dear Mr. Strahan:
    I have been employed to represent the family and estate of Janet Marie Rodak of 1909 Ewing, Kansas City, Missouri. Miss Rodak was killed in an automobile accident which resulted from a defect in the roadway at the location of approximately 150 yards west of the Antioch overpass on Interstate 435 in Johnson County, Kansas. The accident occurred on April 21, 1975.
    According to the report and statement given by the investigating Kansas State Highway Patrol Officer the lack of a shoulder and the sunken aspect of the road base were contributing if not the primary factors in the cause of the accident.
    I would appreciate it if someone from your office could get into contact with me in regard to this claim. If you need any further information, please do not hesitate to contact my office.
                         Yours truly,
                         s/Preston L. Cain
                         PRESTON L. CAIN"

Nothing further happened until July 3, 1975, when an attorney for the legal department of the State Highway Commission wrote the following letter to the plaintiffs' attorney:

"Preston L. Cain
Attorney at Law
220 Civic Plaza
National Bank Building
13th and Oak Streets
Kansas City, Missouri 64106
    Re:  Family and Estate of Janet Marie Rodak
         D/A May 21, 1975
Dear Mr. Cain:
    This will acknowledge your letters of May 5, 1975, and May 23, 1975, wherein you requested that someone from this office contact you in regard to the above named accident.
    Please be advised that the State Highway Commission denies any liability in this matter.

Very truly yours,
THOMAS W. REGAN
CHIEF ATTORNEY
s/Sara N. Langland
SARA N. LANGLAND
Staff Attorney
Legal Department"

Thereafter, on August 15, 1975, the State Highway Commission was reorganized and the director of highways was replaced by the secretary of transportation. The present action was filed and different attorneys took over the defense of the case for the secretary of transportation. They obtained the order dismissing plaintiffs' case.

The statute which authorized recovery of damages caused by highway defects names the secretary of transportation as the person who is to receive the written notice and the place of receipt is to be at his or her office in Topeka, Shawnee County, Kansas. This ninety-day notice may either be delivered personally or by registered or certified mail. It was conceded by the parties to this action that the content of the letter of May 5, 1975, was sufficient to comply with the statute and did advise the highway department of the date, time, and place where the damage was sustained, the name and post office address of the person sustaining the damage, and the character of the damage sustained. The argument of the secretary of transportation in support of the order dismissing this action is that the written ninety-day notice was not literally placed in the hands of the director of highways by the plaintiffs, or that it was not sent by registered or certified mail.

Mr. Newcomer, who was director of highways at that time, testified by deposition that Mr. Regan, chief attorney in the legal department of the Kansas State Highway Department had acted with full authority from Newcomer in receiving the notice and replying to the letter of May 5, 1975. The director testified that Mr. Regan was fully authorized to receive the notice and to assign the case. Mr. Newcomer admitted receipt of notice in his office in Topeka as follows:

"Q. Now, Mr. Newcomer, if your office, including your attorneys, your chief attorney, your staff attorney, received those letters, they were, in fact, notified of a defect in the highway, were they not?

"A. Yes.

"Q. And of a death that allegedly resulted from that?

"A. Yes.

"Q. And if they responded to those letters, and sent out what has been marked Plaintiff's Exhibit No. 1, they had, in fact, acknowledged receipt of a 90 day notice, had they not?

"A. Well, I think so. I presume."

When questioned concerning the "attorney assignment form" mailed to the claimants' lawyer, Mr. Newcomer testified as follows:

"Q. Is it —

"A. About a defective highway.

"Q. It does say defective highway?

"A. Yes.

"Q. Does it refer to a 90-day claim?

"A. Yes, sir.

"Q. And a 90-day claim means, we are talking about the statutory claim that is required, aren't we?

"A. Yes.

"Q. Now, was it within — let me ask you this, do you recognize the signature there?

"A. I recognize the signature all right.

"Q. Whose signature is that?

"A. That is Thomas Regan's signature all right.

"Q. And in filling out that form, he was acting within your full authority, was he not?

"A. Yes, he would. I have given him authority to. And generally, he generally talked over with me anything of importance.

"Q. Now, a death case would be important, would it not?

"A. I would think it would be, but I don't remember it.

"Q. But there is a lot of things that those years and things that happened that you don't have a specific recollection of now?

"A. Oh, I suppose. I'm sure.

"Q. Now, in that attorney assignment, Mr. Regan assigned Mr. Strahan to that case, did he not?

"A. That's what it looks like. And that is the standard way of doing it.

"Q. All right. Now, if Mr. Strahan sent the original of what has been marked as Plaintiff's Exhibit No. 1 to Preston Cain, he, also, would have been acting within his authority, would he not?

"A. Oh, I think so; sure.

"Q. What Mr. Regan expected of him?

"A. Yes. He wanted him to handle it.

"Q. And what you would expect?

"A. I would have expected him to handle it, organized manner."

It is apparent from the foregoing testimony that a ninety-day notice letter was received in the office of the director of highways, and that the notice was handled by the chief attorney of the State Highway Commission. Receipt of the notice in the office was personally acknowledged in the testimony of the director of highways. He said the notice was received and handled in his office in the "standard way of doing it." Under these facts and circumstances we hold the claimants did establish substantial compliance with the ninety-day notice provision of the statute.

The requirement in K.S.A. 1978 Supp. 68-419 for a ninety-day notice is not to be given a technical construction. The primary purpose of the requirement is to provide notice to the secretary of transportation of the occurrence so an investigation may be facilitated and an opportunity may be afforded to ascertain the nature, extent and possible cause of a claimant's injuries when the incident is still fresh in the minds of those possessing information on the matters involved. *Cook v. Topeka,* 75 Kan. 534, 536, 90 Pac. 244 (1907); *Cornett v. City of Neodesha,* 187 Kan. 60, 63, 353 P.2d 975 (1960).

We wish to point out that that part of the ninety-day notice provision which says the secretary of transportation "shall be served . . . either in person or by registered or certified mail" is a notice requirement to be met before action can be maintained. However, it is not a part of formal service of process. It is not a requirement by which court action is initiated and jurisdiction of the party defendant is obtained. Upon filing an action the statute, K.S.A. 1978 Supp. 68-419, directs that a summons shall issue out of the court, directed to the secretary of transportation of Kansas and shall together with a copy of plaintiffs' petition, be forwarded to the sheriff of Shawnee County, Kansas, for service, "and service thereof shall be made by delivering to the secretary of transportation personally a copy of

such summons and copy of the petition, or by leaving copies thereof at the office of the secretary of transportation, in Shawnee county, Kansas." There can be no question in this case the ninety-day notice was received in the office of the director of highways, which on reorganization became the office of the secretary of transportation.

The attorneys for the secretary of transportation point to certain language in some of our prior cases and argue that strict compliance with the requirements of the notice provision is a condition precedent to maintaining this action. They contend that notice was not served either in person or by registered mail, that the notice requirement cannot be waived, and that the state is immune from suit in this case.

We have examined the cases cited by appellee. The cases do not control and are distinguishable on their facts. The first case cited is *Shields v. State Highway Commission,* 178 Kan. 342, 286 P.2d 173 (1955). It is argued that under this case the ninety-day notice provision of the statute, K.S.A. 1978 Supp. 68-419, must be strictly construed and that failure to comply is fatal to plaintiffs' action. In *Shields* the lower court struck a portion of the commission's answer in which it was alleged the ninety-day notice was not received by the director at his office in Topeka within the ninety-day period of the statute. This court reversed and remanded the case for further proceedings. It was held in *Shields* that failure to receive the notice within ninety days would constitute a defense to the action. However, the reason for this was noted as follows:

"Provisions with respect to the time of giving notice must ordinarily be strictly complied with, and it has been held that the provision limiting the time for presentation or service, is a statute of limitation which extinguishes the right of action upon the expiration of the time specified." 178 Kan. at 346.

So in *Shields* the defense was reinstated when the answer alleged the notice was not received by the director at his office in Topeka within the ninety-day period. In our present case the director admitted in his deposition that the ninety-day notice was received in his office in Topeka fourteen days after the accident. The case does not control in our present case.

In *Cronin v. State Highway Commission,* 182 Kan. 42, 318 P.2d 1066 (1957), cited by appellee, the question presented was whether conditions existing at a construction site on a highway

during new construction constituted a defect within the purview of 68-419. Receipt of notice was not discussed in that action and the case does not apply under the facts of our present case.

Appellee cites *Dechant v. City of Hays,* 112 Kan. 729, 212 Pac. 682 (1923), for the proposition that the officers and employees of a city cannot waive the statutory requirements which are conditions precedent to maintaining an action. This principle of nonwaiver by government employees would appear to apply to the state and its agencies. However, we have no reason to consider or apply the principle. A notice was given and received in the present case. It is agreed that the letter was received in the office of the director and was sufficient in content to comply with the statute. The only question was whether the testimony of the director concerning receipt of the notice and assignment of the matter to an attorney was sufficient to show substantial compliance with the notice requirement. We hold that it was.

Accordingly we reverse the judgment of the Court of Appeals, reverse the judgment of the district court, and remand the case for further proceedings.